**HOLT HOWARD ASSOCIATES, INC.,**
**Plaintiff,**

v.

**Victor GOLDMAN and David Menschik, a partnership, d/b/a Menschik-Goldman Company, and E. J. Korvette, Inc., Defendants.**

United States District Court
S. D. New York.

Oct. 16, 1959.

Amster & Levy, New York City, for plaintiff. Morton Amster, New York City, of counsel.

Blum, Moscovitz, Friedman & Blum, New York City, for defendants Victor

Goldman and David Menschik. Richard W. Blum, New York City, Martin J. Beran, New York City, on the brief.

SUGARMAN, District Judge.

Defendants Victor Goldman and David Menschik, d/b/a Menschik-Goldman Company, move for an order granting summary judgment dismissing the complaint herein and further, upon movants' counterclaim, enjoining "plaintiff, its agents, servants, employees, and attorneys, and all persons in active concert and participation with them, from interfering in any manner with the importation and sale by defendants Victor Goldman and David Menschik of the series of sculptured ceramic containers in the design of a crock together with the combination head and spoon which constitute the subject matter of this action, making any statements, representations or writings regarding the right of defendants Victor Goldman and David Menschik, to import, sell or ship said items because of or in the light of plaintiff's copyright registration relating to the same * * *."

The complaint herein alleges in substance:

"Plaintiff is now and has been for a number of years engaged in the business of designing, manufacturing and distributing throughout the United States a wide variety of houseware and giftware items.

"From time to time in the course of plaintiff's business, new and distinctive houseware and giftware items are introduced and such items are widely distributed throughout the United States.

"During the early part of 1958, plaintiff placed upon the market, at great expense and effort, a series of sculptured ceramic containers in the design of a crock and combination head and spoon of distinctive appearance known in the trade as 'Spoofy Spoons' and 'Pixieware', hereinafter referred to as 'Pixieware line'.

"Said Pixieware line incorporated a large amount of material wholly original with plaintiff and copyrightable subject matter under the Copyright Laws of the United States.

"On the 15th day of February, 1958, plaintiff duly published said Pixieware line with the required statutory notice.

"Subsequent to February 15, 1958, and prior to the institution of this action, plaintiff complied in all respects with the Copyright Code and all other laws covering copyrights and secured the exclusive right and privilege in and to the copyright, of said Pixieware line and received from the Register of Copyrights a Certificate of Registration identified as follows: May 5, 1958 Registration Gp18029.

The complaint then alleges that movants:

"knowing full well the excellent and enviable reputation and good will of the plaintiff in said Pixieware line, determined to market ceramic crocks in precise simulation of said Pixieware line being manufactured and sold by plaintiff, and pursuant to said determination, the defendant introduced an infringing line of crocks copying large and substantial parts of plaintiff's copyrighted Pixieware line.

"Defendant Menschik-Goldman Company had had ample notice of plaintiff's said copyright when said defendant set out to copy plaintiff's Pixieware line since full, prominent and statutory copyright notice has at all times appeared on said Pixieware line."

Plaintiff demands injunctive relief, an accounting, damages and other relief.

Movants' answer to the complaint denies many of the essential allegations thereof and alleges as an affirmative defense that:

"[P]laintiff's copyright registration is invalid and the works alleged to be infringed by defendants are in the public domain, by reason of

plaintiff's sale of said works without affixing any copyright notice thereto."

By way of counterclaim movants allege in substance:

"From a time prior to the commencement of this action, defendants have been selling in the United States of America, articles of the type shown in Exhibit 3 annexed to the complaint, and hereinafter referred to as 'defendants' accused articles.'";

"Plaintiff has obtained copyright registration No. Gp18029 dated May 5, 1958 on the subject matter of plaintiff's articles, but said copyright registration is invalid by reason of the sale by plaintiff in the United States of plaintiff's articles without affixing thereto the copyright notice required by statute.";

"[P]laintiff has proceeded in accordance with the requirements of Title 28, United States Code, Section 109, by filing with the Treasury Department a certificate of the Register of Copyrights that the provisions of Section 13 of said Title 28, United States Code, have been fully complied with, and by giving notice of said alleged compliance to Customs officers at the ports of entry in the United States.";

"On September 4, 1959, Hon. Robert W. Dill, Collector of Customs, District No. 10, New York, New York, sent to defendants a letter"

directing movants not to dispose of the accused articles under penalty of the provisions of the bond given at the time of entry.

"As a result of said letter * * * defendant is and will be unable to dispose of any portion of said shipments of said defendants' accused articles."

Defendants demand appropriate relief including an injunction against the plaintiff and the Collector of Customs.

The motion for summary judgment must be and it is denied. It is impossible on the papers before me to conclude, as the moving defendants request, either that plaintiff has forfeited its copyright by publication originally without proper copyright notice or alternatively that plaintiff abandoned its rights under the statute by knowing publication of its work without proper copyright notice.

However, the papers on this motion do show sufficient facts to justify the granting to the moving defendants of an injunction pendente lite against plaintiff.

Movants can prevail in this action either by showing that plaintiff has no valid copyright or by showing that they, the defendants, are innocent infringers.[1]

The papers satisfy me that at least some of plaintiff's ceramics were imported into and sold in the United States without proper copyright notice.

This may have been inadvertent. On the trial all the evidence on the issue will be marshalled.

The papers on this motion, however, leave me with the conviction that at least some of the plaintiff's ceramics of the design in suit were manufactured in and shipped from Japan between November 1957 and June 1958 without copyright notice. Defendants' Exhibits H and I. Plaintiff had considered acquiring copyright protection thereon. Plaintiff's Exhibit 5. Nevertheless, plaintiff's agents, consciously or not, neglected to see to it that all of the crockery was properly marked and some of it was sold in the United States without copyright notice.

Moving defendants show a strong possibility of success on the trial, at least to the extent of proving themselves to be innocent infringers.

Settle an order providing for injunctive relief and providing for the filing of a bond for the payment of such costs and damages as may be incurred or suffered by plaintiff if it shall be found to have been wrongfully enjoined.

1.  17 U.S.C.A. § 21.