**SWITZERLAND CHEESE ASSOCIATION, Inc., et al., Plaintiffs, Appellants,**

v.

**E. HORNE'S MARKET, INC., Defendant, Appellee.**
No. 6523.

United States Court of Appeals
First Circuit.

Submitted Oct. 6, 1965.

Decided Oct. 19, 1965.

David Toren, John J. McGlew, New York City, George L. Greenfield, Boston, Mass., Moses, McGlew & Toren, New York City and Wolf, Greenfield & Hieken, Boston, Mass., on brief for appellants.

Harold E. Cole, Boston, Mass., on brief for appellee.

Before ALDRICH, Chief Judge, HAMLIN, Senior Circuit Judge,* and McENTEE, Circuit Judge.

ALDRICH, Chief Judge.

This is an action for trademark infringement and unfair competition in which jurisdiction is posited upon the trademark laws, 15 U.S.C. § 1051 et seq. The complaint sought a temporary and a permanent injunction and an accounting for damages. Prior to trial plaintiffs moved, on affidavits and counter-affidavits, for a summary judgment granting a permanent injunction. The district court, upon consideration, denied the motion. Plaintiffs appeal.

The first question is that of our jurisdiction. No determination was made, or sought for, warranting an interlocutory appeal under 28 U.S.C. § 1292(b). Plaintiffs assert jurisdiction under section 1292(a)(1), permitting appeals from "[i]nterlocutory orders of the district courts * * * granting, continuing, modifying, refusing or dissolving injunctions * * *." We do not find this section appropriate.

Plaintiffs concede that they did not ask for, and made no showing in the district court warranting, an interlocutory injunction, and that all they sought, and presently seek, is a permanent injunction. It is equally clear that the district court did not finally deny a permanent injunction, but merely held that in the present posture of the case there is an issue of fact making a summary judgment inappropriate.

It must be apparent that the denial of an interlocutory injunction is not the same as an interlocutory denial of a permanent injunction. By hypothesis the need, or alleged need for an immediate appeal is urgent in the former case. Contrariwise, a final appeal from the interlocutory denial of a permanent injunction may never be needed; the court, when the evidence is taken, may grant, rather than deny, relief.

Because of the general policy against piecemeal appeals, statutes permitting interlocutory appeals are to be construed with some strictness. On this basis, whatever may be the exact letter, the spirit of section 1292(a)(1) is against plaintiff's position. In this we agree with cases such as Morgenstern Chemical Co. v. Schering Corp., 3 Cir., 1950, 181 F.2d 160, and Hook v. Hook & Ackerman, Inc., 3 Cir., 1954, 213 F.2d 122. See also Division 689, Amalgamated Ass'n of St. Elec. Ry. and Motor Coach Emp., etc. v. Capital Transit Co., 1955, 97 U.S.App.D.C. 4, 227 F.2d 19, and Clark, C. J., dissenting, in United States v. New York, N. H. & H. RR., 2 Cir., 1960, 276 F.2d 525, at 549, 552, cert. den. Tri-Continental Financial Corp. v. United States, 362 U.S. 961, 80 S.Ct. 877, 4 L.Ed.2d 876 and Tri-Continental Financial Corp. v. Glenmore, 362 U.S. 964, 80 S.Ct. 877, 4 L.Ed.2d 878.

Plaintiffs cite Peter Pan Fabrics, Inc. v. Dixon Textile Corp., 2 Cir., 1960, 280 F.2d 800. It is true that in that case the court upheld plaintiffs' position. We note, however, that the writer expressed his personal reluctance, but felt bound

by the circuit's prior decisions. We are under no such disability. Furthermore, we think that the additional opportunity afforded by section 1292(b) for interlocutory appeals under controlled conditions enacted since the original decisions in the Second Circuit makes strict construction of the other sections all the more desirable.

Appeal dismissed for want of jurisdiction.