CHAPPELL & CO., Inc., T. B. Harms
Company, Williamson Music, Inc., Frank
Loesser and Frank Music Corp., Plain-
tiffs-Appellants,

v.

J. Jay FRANKEL, Defendant-Appellee.

No. 296, Docket 29781.

United States Court of Appeals
Second Circuit.

Argued March 24, 1966.

Submitted to Court in Banc
Sept. 28, 1966.

Decided Oct. 13, 1966.

---

Julian T. Abeles, New York City, for plaintiffs-appellants (Robert C. Osterberg, New York City, on the brief).

Martin J. Machat, Alan Kahn, David I. Barrett, New York City, for defendant-appellee.

Before LUMBARD, Chief Judge, and WATERMAN, MOORE, FRIENDLY, SMITH, KAUFMAN, HAYS, ANDERSON and FEINBERG, Circuit Judges.

WATERMAN, Circuit Judge:

Appellants commenced this action in the United States District Court for the Southern District of New York on June 10, 1964, alleging that the manufacture and sale of certain phonograph records by two corporations, which appellee controlled,[1] infringed copyrights owned by appellants, in violation of federal copyright law. 17 U.S.C. § 1 et seq.[2] The complaint sought a temporary and a permanent injunction pursuant to Sections 101(a) and 112 of the Copyright Act, a royalty computed as provided in Sections 101(e) and 1(e), an order directing the appellee to deliver up for destruction all infringing phonograph records and all means for producing them as authorized by Section 101(d), and for

---

1. Both of the corporations controlled by appellee have been in bankruptcy proceedings since late 1962 and are no longer producing phonograph records.

2. When we refer to sections of the Copyright Act we refer to the sections as they appear in Title 17.

other relief. In his answer, appellee alleged as his defense that the corporations he controlled had been licensed to manufacture and sell the phonograph records containing the compositions subject to appellants' copyrights which are alleged to have been infringed.[3] Appellants took the position that it was incontrovertible that the defendant's corporations had not been so licensed. Therefore, prior to trial, pursuant to federal rule 56, Fed.R.Civ.P. 56, appellants moved on affidavits and counter affidavits for "an interlocutory summary judgment * * on the issue of liability," and for the appointment of a special master to compute the royalties and damages due them, " * * * reserving for the Court upon the conclusion of such hearings the question of such other relief to which each of plaintiffs shall be entitled * * *." The court below denied the motion for summary judgment on the ground that there was a genuine issue whether the appellee had been issued licenses for the musical compositions in question or whether, in any event, the appellants were at least estopped to deny appellee's right to sell and distribute phonograph records containing musical compositions copyrighted by appellants.

An appeal from the denial of this motion was heard by a panel consisting of Judges Waterman, Moore and Feinberg, who were unanimously of the belief that the order below was not a final appealable order, and that this court had no appellate jurisdiction to entertain the appeal. It had been stated in Peter Pan Fabrics, Inc. v. Dixon Textile Corp., 280 F.2d 800 at 802(2 Cir. 1960) that it had been settled in this circuit that orders denying summary judgment motions encompassing prayers for permanent injunctions were appealable under 28 U.S.C. § 1292(1). Therefore, panel judges requested a vote as to whether the full court of nine judges should consider the case *in banc*. *In banc* consideration was agreed to unanimously and thereupon it was also unanimously agreed by the affirmative vote of all nine judges, for the reasons hereinafter set forth, that the appeal should be dismissed.

At the outset it is completely clear that an order refusing to grant a motion for summary judgment is not a "final decision" within Section 1291 of the Judicial Code, 28 U.S.C. § 1291, and we thus have no appellate jurisdiction to review the lower court's order under that section. Doehler Metal Furniture Co. v. United States, 149 F.2d 130, 135 (2 Cir. 1945); see Valdosta Livestock Co. v. Williams, 316 F.2d 188 (4 Cir. 1963). What is more, the lower court's denial of appellants' motion for summary judgment was directly concerned with the merits of appellants' substantive claim for relief and thus cannot be brought within the judicially created exception to the final decision rule, which permits appeal from "collateral" orders where irreparable harm is threatened in the absence of immediate review. See, e. g., United States v. Wood, 295 F.2d 772 (5 Cir. 1961), cert. denied, 369 U.S. 850, 82 S.Ct. 933, 8 L.Ed.2d 9 (1962). See, generally, Note, Appealability in the Federal Courts, 75 Harv.L.Rev. 351, 364–67 (1961). It is almost equally clear that we ought not review a lower court's denial of a summary judgment motion by means of a prerogative writ, which we can on occasion issue pursuant to the All Writs Statute. 28 U.S.C. § 1651(a). We have only recently received a scholarly reminder that the prerogative writs are of "limited scope." A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439 (2 Cir. August 8, 1966) (Friendly, J., concurring). Traditionally, the prerogative writs have been reserved for extraordinary circumstances. In re Josephson, 218 F.2d 174 (1 Cir. 1954). And a garden variety denial of a summary judgment

---

3. Appellant Chappell & Co. owns the copyright on the composition "Have You Met Miss Jones?" Appellant T. B. Harms Co. owns the copyright on "Why Was I Born?" Appellant Williamson Music, Inc. owns the copyright on "I'll Be Seeing You." Appellant Frank Loesser and Frank Music Corp. own the copyright on "If I Were a Bell."

motion on the ground that there is a genuine issue as to a material fact can hardly satisfy this "extraordinary circumstances" test. Cf. Bigart v. Goodyear Tire & Rubber Co., 361 F.2d 317 (2 Cir. 1966). Of course, in some cases we can review interlocutory denials of summary judgment motions under the Interlocutory Appeals Act of 1958 which grants the courts of appeals discretion to review any interlocutory order in a civil case if the trial judge decides that the issue he ruled upon involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the interlocutory order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Here, however, the Interlocutory Appeals Act is inapplicable because the trial judge has not certified that he is of the opinion that his order should be reviewed immediately under the provisions of that Act.[4] Thus, it would appear we have jurisdiction to review the trial court's denial of appellants' motion for summary judgment if, but only if,[5] this jurisdiction is granted by Section 1292(a) (1) of the Judicial Code, 28 U.S.C. § 1292(a) (1), which grants the courts of appeals jurisdiction to hear appeals from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions * *."

The rule in this circuit has been that we have jurisdiction in a case like the present under Section 1292(a) (1), on the theory that a trial court's order denying a plaintiff's motion for summary judgment and for permanent injunctive relief was an order "refusing" an injunction.[6] Peter Pan Fabrics, Inc. v. Dixon Textile Corp., 280 F.2d 800, 802 (2 Cir. 1960); United States v. New York, N.H. & H.R.R., 276 F.2d 525, 545 (2 Cir.) cert. denied, 362 U.S. 961, 964, 80 S.Ct. 877, 4 L.Ed.2d 876 (1960); Federal Glass Co. v. Loshin, 217 F.2d 936 (2 Cir. 1954); Raylite Elec. Corp. v. Noma Elec. Corp., 170 F.2d 914 (2 Cir. 1948). We hold that the denial of appellants' motion for summary judgment is not appealable under Section 1292(a) (1), and as our result here is inconsistent with the result reached in the above cases we are reversing the rule set forth therein which until now has settled the matter in this circuit in favor of appealability, Peter Pan Fabrics, Inc. v. Dixon Textile Corp., 280 F.2d 800 at 802.

We recognize that though we are privileged in accord with the genius of the common law to decide cases on a case-by-case basis it "does not relieve us of the judicial obligation to pay proper heed to precedent: the question still is 'not what we would hold if we now took a fresh look but whether we should take that fresh look,' Mississippi River

---

4. It is doubtful whether the denial of summary judgment when the applicable law is clear but there is a genuine issue as to a material fact can properly be certified under Section 1292(b), for that section is limited only to certifying an order involving a "controlling question of law."

5. There are other specific provisions permitting interlocutory appeals from the district courts to the courts of appeals in certain civil actions that are also clearly not applicable here. E. g., 28 U.S.C. § 1292(a) (2–4) (receivership, admiralty, and patent cases); 11 U.S.C. § 47 (bankruptcy proceedings).

6. Although appellants here sought a permanant injunction in their complaint they inexplicably failed to request permanent injunctive relief when they moved for summary judgment. Therefore, were we to adhere to our former rule in this case, we might still deny review on the narrow ground that appellants' motion for summary judgment did not specifically ask for injunctive relief and thus its denial cannot be viewed as the denial of an injunction. However, it would be an unwarranted return to formalism to make review in this case turn on the absence of a formal request for a permanent injunction in the motion for summary judgment because the entry of a final judgment ordinarily disposes of everything asked for in the complaint. Thus for purposes of this appeal we treat appellants' motion for summary judgment as if it had specifically requested permanent injunctive relief.

Fuel Corp. v. United States, 314 F.2d 953, 958, 161 Ct.Cl. 237 (1963) (concurring opinion of Davis, J.)." Crown Coat Front Co., Inc. v. United States, 363 F.2d 407 (2 Cir. June 22, 1966) (Friendly, J., concurring). On the other hand the doctrine of *stare decisis* has never been thought to limit a court's power to "take a fresh look" in appropriate instances, see Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604 (1940), and several factors have persuaded us that it is now appropriate for all the active judges of the court sitting *in banc* to take that "fresh look" at our judge-made rule permitting an order denying a plaintiff's motion for summary judgment and permanent injunctive relief to be appealed under Section 1292(a) (1). First, the rule of our circuit has commanded no following in other federal courts of appeals [7] and has been much criticized by the commentators.[8] This unfavorable reaction to our earlier decisions has led us to the " * * * strong * * * view that the challenged precedent is probably wrong * * *." Mississippi River Fuel Corp. v. United States, 314 F.2d 953, 958, 161 Ct.Cl. 237 (1963) (Davis, J., concurring). Second, the present case is proof enough that our earlier decisions tend to encourage interlocutory appeals, thereby both delaying an ultimate resolution of the case and unnecessarily consuming judicial resources at the trial and appellate levels.[9] Third, and most important, the enactment

of the Interlocutory Appeals Act of 1958 would seem to be the sort of "intervening development in the law, * * *" ibid., that frequently justifies a court's reconsideration of its prior rulings, for that Act, which allows interlocutory appeals in those cases in which the argument for interlocutory appeal is most persuasive removes much of the initial justification for our earlier decisions.[10]

Persuaded by these developments and by further reasons to be considered hereafter we are of the belief that our court should align itself with the majority view, first expressed by the Third Circuit in Morgenstern Chem. Co. v. Schering Corp., 181 F.2d 160 (3 Cir. 1950), and most recently adopted by the First Circuit in Switzerland Cheese Assoc., Inc. v. E. Horne's Mkt., Inc., 351 F.2d 552 (1 Cir. 1965). We therefore hold that the present appeal must be dismissed for want of appellate jurisdiction.

█ The issue is whether Section 1292(a) (1) which, so far as here material, gives the courts of appeals jurisdiction over appeals from "Interlocutory orders of the district courts * * * refusing * * * injunctions * * *," should be interpreted as a grant of jurisdiction to the courts of appeals to review a district court's interlocutory order denying a plaintiff's motion for summary judgment and permanent injunctive relief. No panel of this court that has considered this issue has ever resolved it by relying upon the language of Section 1292(a)

7. The rule in the First Circuit is squarely to the contrary. Switzerland Cheese Assoc. Inc. v. E. Horne's Mkt., Inc., 351 F.2d 552 (1 Cir. 1965). As is the rule in the Third Circuit. E. g., Hook v. Hook & Ackerman, Inc., 213 F.2d 122 (3 Cir. 1954); Morgenstern Chem. Co. v. Schering Corp., 181 F.2d 160 (3 Cir. 1950). The District of Columbia Court of Appeals has strongly suggested it would not adopt our rule were the issue squarely presented. Division 689, etc. v. Capital Transit Co., 97 U.S.App.D.C. 4, 227 F. 2d 19 (1955). The Seventh Circuit also has decided that our rule should not be followed. Packard Motor Car Co. v. Gem

Mfg. Co., 187 F.2d 65 (7 Cir. 1950), cert. petition dismissed per stipulation, 342 U.S. 802, 72 S.Ct. 92, 96 L.Ed. 607 (1951).

8. See, e. g., 6 Moore, Federal Practice ¶56.21[2] (1965 ed.); Wright, Federal Courts § 102 (1963); Note, 75 Harv.L. Rev. 351, 369–70 (1961); 103 U.Pa.L. Rev. 816 (1955).

9. Chief Judge Lumbard has recently delivered an apt reminder that we must seek to develop rules conducive to the most efficient use of judicial resources. Arnold v. Troccoli, 344 F.2d 842 (2 Cir. 1965).

10. See second paragraph following.

(1) alone.[11] In light of past differences of opinion on this issue in this circuit, and the disturbing fact that most other federal courts have reached a result precisely opposite to the result we reached in our earlier decisions, it would be truly extraordinary if it were argued today that the result reached in those decisions was compelled by reliance on the literal language of Section 1292(a)(1) standing alone. This court is not sympathetic to arguments that seek to have statutes interpreted on the basis of literalness, irrespective of purpose. As was said by Judge L. Hand in Cawley v. United States, 272 F.2d 443, 445 (2 Cir. 1959), " * * * unless [the statute's words] explicitly forbid it, the purpose of a statutory provision is the best test of the meaning of the words chosen * * *." See Federal Maritime Comm'n v. DeSmedt, 366 F.2d 464 (2 Cir. Aug. 29, 1966); Eck v. United Arab Airlines, 360 F.2d 804, 812 (2 Cir. 1966). It is instead with reference to the policy underlying Section 1292(a)(1) that this issue must be resolved.

■ As a general rule, ever since the Judiciary Act of 1789, appeals within the federal court system have been allowed from final judgments only. See, generally Note, Appealability in the Federal Courts, supra. Since 1891, however, Congress has excepted from this general rule a group of interlocutory orders, and the most significant of these is the exception now embodied in Section 1292(a)(1) of the Judicial Code. In a considered elaboration of the purpose underlying Section 1292 the Supreme Court held that the genesis of that section was " * * * a developing need to permit litigants to effectually challenge interlocutory orders of serious, perhaps irreparable consequence." Baltimore Contractors v. Bodinger, 348 U.S. 176, 181, 75 S.Ct. 249, 252, 99 L.Ed. 233 (1955). This statement of the purpose of that section makes it clear that Section 1292(a)(1) gives us jurisdiction to review an interlocutory district court order refusing to grant a preliminary injunction. Indeed, we think this statement and an examination of the differences between preliminary and permanent injunctions establish that only district court orders refusing to grant the former are appealable as a class under Section 1292(a)(1).

■ A motion for a preliminary injunction invariably raises an issue as to " * * * how best to create or preserve a state of affairs such that [the court] will be able, upon conclusion of the full trial, to render a meaningful decision for either party." Developments in the Law —Injunctions, 78 Harv.L.Rev. 994, 1056 (1965). Its grant or denial depends on the trial court's equitable balancing of several factors: the severity of plaintiff's injury if preliminary relief is denied, the severity of defendant's injury if preliminary relief is granted, and the likelihood that one party or the other will prevail at trial. See Life Music, Inc. v. Wonderland Music Co., 241 F. Supp. 653 (SDNY 1965) (injunctive relief sought pursuant to 17 U.S.C. § 112). If the grant or denial of a preliminary injunction was reviewable only after a "final decision" had been entered below it would frequently be too late for the courts of appeals to undo the harm caused by an erroneous ruling below and recreate a state of affairs in which meaningful relief could be granted to the party entitled to prevail. There thus is a good reason to hold Section 1292(a)(1) empowers the courts of appeals to review, as a class, without delay, all orders granting or denying preliminary injunctions.

■ At the same time, the Court's explication in Baltimore Contractors v.

---

11. Judge Learned Hand in Federal Glass Co. v. Loshin, supra, 217 F.2d at 937 intimated he thought the matter arguably foreclosed by the literal language of Section 1292(a)(1), but quickly went on to say he would not rely on such an argument. Cf. Guiseppi v. Walling, 144 F.2d 608, 624 (1944) (L. Hand, J., concurring), aff'd sub nom. Gemsco, Inc. v. Walling, 324 U.S. 244, 65 S.Ct. 605, 89 L.Ed. 921 (1945) ("[t]here is no surer way to misread any document than to read it literally").

Bodinger, supra, of the purpose of Section 1292 casts considerable doubt on the proposition that Section 1292(a)(1) similarly was intended to empower the courts of appeals to review as a class orders denying plaintiffs' motions for summary judgment and permanent injunctive relief. A permanent injunction[12] is ordinarily issued only "after a full trial on the merits." Developments in the Law—Injunctions, supra, at 1055. To be sure, the summary judgment procedure makes it possible for a party to argue, prior to final judgment, that, as a matter of law, upon admitted or established facts he is entitled to relief—here a permanent injunction. Wright, Federal Courts § 99 (1963). But summary judgment motions will be denied whenever there is a genuine issue as to a material fact or it is unclear that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. And in most cases the denial of a summary judgment motion to which a request for a permanent injunction has been attached will not be of "serious, perhaps irreparable consequence." Baltimore Contractors v. Bodinger, supra. A denial of a plaintiff's motion for summary judgment does not finally deny the relief sought but only indicates that the district court has been uncertain enough of the complaint's merits to grant it at that time: the relief frequently will be granted at a later date when "final judgment" is entered. If in a particular case a motion for summary judgment is, on the facts, denied, but there remains a need for relief during the pendency of the litigation, a preliminary injunction may nevertheless be obtained. See Holt Howard Associates, Inc. v. Goldman, 177 F.Supp. 611 (SDNY 1959).[13] And if the relief requested is not granted when "final judg-

ment" is entered, an appeal can, of course, be immediately taken under Section 1291. 28 U.S.C. § 1291. We hardly deny that in some cases the denial of a plaintiff's motion for summary judgment conjoined to a request for a permanent injunction may present an especially convincing case for immediate interlocutory review. See United States v. New York, N.H.&H.R.R., supra, 276 F.2d at 555. But resolution of the issue before us should not depend on the persuasive facts of a particular case. And when denials of plaintiffs' motions for summary judgment conjoined with requests for permanent injunctions are viewed as a class we think the foregoing makes it reasonably clear that they cannot with reason be classed as likely to cause serious and irreparable harm if not corrected without delay. Thus we doubt they should, as a class, be appealable under Section 1292(a)(1).

It has been argued, nevertheless, that to permit interlocutory appeals from orders denying plaintiffs' motions for preliminary injunctions but to forbid interlocutory appeals from orders denying plaintiffs' motions for summary judgment conjoined with requests for permanent injunctive relief, would be "sheer ritualism." Federal Glass Co. v. Loshin, supra, 217 F.2d at 938 (Frank, J., concurring). This view seems wrong for several reasons. First, as we have just explained, it is only the grant or denial of a preliminary injunction that as a class can be said to pose a threat of irreparable harm unless reviewed without delay. Second, as Chief Judge Lumbard has acutely noted, the issues raised on a motion for a preliminary injunction are distinct from those raised when permanent injunctive relief is sought. American Visuals Corp. v. Holland, 261 F.2d

---

12. Also sometimes termed a perpetual or final injunction. The duration of a permanent injunction in theory is unlimited. See generally, Note, Are All Permanent Injunctions Temporary?, 23 Mich.L. Rev. 382 (1924).

13. Both motions can be made simultaneously, but in the alternative. See Holt

Howard Associates, Inc. v. Goldman, supra. It is hard to agree with Judge Frank's view, expressed in Federal Glass Co. v. Loshin, supra, 217 F.2d at 938, that this process is more time-consuming than the process of interlocutory appeal.

652, 654 (2 Cir. 1958). There thus is no inconsistency in treating each differently for purposes of Section 1292(a) (1). Finally, there is the very practical point that it is much more likely that interlocutory review can resolve the issues raised by an order granting or denying a preliminary injunction than that such review can resolve the issues raised by the denial of summary judgment. Motions for preliminary injunctive relief invariably raise the issue of the propriety of injunctive relief to preserve or create a state of affairs in which relief can be awarded to either party at the conclusion of the trial. An appellate court can review the lower court's resolution of this issue without delving deeply into the merits of the case, which are not directly relevant, and, by hypothesis have not yet been fully developed. See Mast, Foos & Co. v. Stover Mfg. Co., 177 U.S. 485, 494–495, 20 S.Ct. 708, 44 L.Ed. 856 (1900). On the other hand, to permit an interlocutory appeal from an order refusing summary judgment and permanent injunctive relief would bring before the appellate court in every case not merely the propriety of injunctive relief but also the merits of the case. See Smith v. Vulcan Iron Works, 165 U.S. 518, 17 S.Ct. 407, 41 L.Ed. 810 (1897). But the merits of the case will frequently be uncertain during its early stages, foreclosing the possibility of meaningful appellate review. And this would almost always seem to be so when, as is usually the case, 6 Moore, Federal Practice ¶56.21[2], at 2788 (1965 ed.) the district court denies summary judgment on the ground that there exists a genuine issue as to a material fact.[14]

It has also and more persuasively been argued in favor of our prior rulings that an order denying a plaintiff's motion for summary judgment and permanent injunctive relief is an important order, and that, especially when the denial is based on the trial court's decision that a plaintiff is not entitled to a judgment as a matter of law, it frequently will "finally settle a great deal." Federal Glass Co. v. Loshin, supra, 217 F.2d at 937; see United States v. New York, N.H.&H. R.R., supra, 276 F.2d at 556. We admit that when summary judgment and injunctive relief is denied as a matter of law the argument for interlocutory review is most appealing. And when our former rule was first announced, there was merit to the view that, in order to assure review in the important case that might require review, all interlocutory denials of motions for summary judgment and permanent injunctive relief should be immediately reviewable under Section 1292(a) (1), even though in many cases no threat of irreparable harm in the absence of immediate review was apparent. But this view has considerably less merit since passage of the Interlocutory Appeals Act of 1958, supra. Switzerland Cheese Assoc., Inc. v. E. Horne's Mkt., Inc., supra, 351 F.2d at 554. That Act explicitly grants to the courts of appeals discretion to review any interlocutory order if the trial judge determines that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). This new avenue of interlocutory review, with its carefully devised limitations, seems well suited to permit appeal from a lower court order denying summary judgment and permanent injunctive relief in those cases in which appeal should be available immediately. There thus no longer is need to interpret Section 1292(a) (1) in a way that seems plainly inconsistent with its purpose, as that purpose is explicated by the court in Baltimore Contractors v. Bodinger, supra. To be sure, Section 1292(b) assumes that the district courts will employ discretion prudently in deciding

14. The present case well illustrates this point. Were we to reaffirm our earlier decisions and permit appeal, our only course, once we reached the merits of the district court's order, would be to affirm on the ground it did not err in finding genuine issues as to material fact.

which of their orders should receive immediate review, whereas under our former rule the courts of appeals always had the opportunity to pass upon the interlocutory denials of summary judgment and permanent injunctive relief. But this would clearly seem to be a virtue rather than a fault of the new Section 1292(b) procedure, for the district courts are best able to discern the presence of dilatory motives in applications for interlocutory appeals, and thus can best protect the courts of appeals from a deluge of applications.

For all the above reasons we hold that here the district court's denial of plaintiffs' motion for summary judgment and for permanent injunctive relief is not appealable under Section 1292(a) (1) as an order refusing an injunction.

Appeal dismissed for want of appellate jurisdiction.