**Edward F. QUIRKE and Sylvia Martin, Plaintiffs-Appellants-Appellees,**

v.

**NORFOLK AND WESTERN RAILWAY COMPANY, Defendant-Appellee-Appellant.**

**No. 68, Docket 30496.**

United States Court of Appeals Second Circuit.

Argued Oct. 7, 1966.

Decided Oct. 25, 1966.

Laurence W. Levine, New York City (Walsh & Levine, New York City, on the brief), for plaintiffs-appellants-appellees.

Francis S. Bensel, New York City (Kelley, Drye, Newhall, Maginnes & Warren, New York City, on the brief), for defendant-appellee-appellant.

Before SMITH, HAYS and FEINBERG, Circuit Judges.

PER CURIAM:

In this action in the United States District Court for the Southern District of New York by common shareholders of defendant Norfolk and Western Railway Company for relief under Sections 14 and 27 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78n and 78aa, based on an alleged misleading proxy statement issued in connection with a meeting of defendant's stockholders, plaintiffs and defendant moved for summary judgment. The court, Charles M. Metzner, Judge, denied both motions, holding that a material issue of fact existed and that the case was not ripe for summary judgment in favor of either party.

On argument, the court raised the question of appellate jurisdiction, since no final judgment has yet entered, and it questioned the soundness of decisions upholding jurisdiction in similar cases under 28 U.S.C. § 1292(a)(1) as appeals from denial of interlocutory injunctions. The question has now been resolved by the court *en banc* in Chappell & Co., Inc. et al. v. Frankel, 367 F.2d 197 (2d Cir., Oct. 13, 1966) unanimously holding that appellate jurisdiction is lacking.

The appeals are dismissed for lack of appellate jurisdiction.