ABERCROMBIE & FITCH COMPANY,
Plaintiff-Appellant,

v.

HUNTING WORLD, INCORPORATED,
Defendant-Appellee.

No. 493, Docket 71–1806.

United States Court of Appeals,
Second Circuit.

Argued Feb. 15, 1972.

Decided April 26, 1972.

Roy C. Hopgood, New York City (Sandoe, Hopgood & Calimafde, Paul H. Blaustein, New York City, and Richard H. G. Cunningham, Stamford, Conn., on the brief), for plaintiff-appellant.

Richard H. Wels, New York City (Sulzberger, Wels & Marcus, New York City, on the brief), for defendant-appellee.

Before FEINBERG and TIMBERS, Circuit Judges, and THOMSEN, District Judge.*

THOMSEN, District Judge:

Abercrombie & Fitch Co. (plaintiff) sued Hunting World, Inc. (defendant) in the district court, seeking an injunction against defendant's uses of the word "Safari", which plaintiff had registered as a trademark for various classes of goods.[1] Defendant moved for summary

---

* Of the District of Maryland, sitting by designation.

1. The complaint alleges infringements under the Trade-Mark Act of 1946 (Lan-

judgment under Rule 56(b), F.R.Civ.P., on the ground that it had not infringed plaintiff's trademark rights in the word "Safari". After considering the pleadings, several affidavits and many exhibits filed by the respective parties, and after hearing argument, the district judge filed an opinion, 327 F.Supp. 657 (S.D.N.Y.1971), and entered an order which included the following provisions: (1) "that the defendant's motion for summary judgment is granted to the extent of holding that defendant's use of the word 'Safari' to describe its safari hat, 'Minisafari' to describe its smaller safari hat, and the further use by the defendant of the coined word 'Safariland' to describe a part of its shop, as a corporate name, and as the name of a newsletter, do not infringe such rights as plaintiff may have in the use of the word 'Safari', and to the further extent of holding that defendant is entitled to use the word 'Safari' to describe those of its products which relate to the practice or cult of safari" ; (2) "that summary judgment be awarded to each of the parties against the other in relation to the respective claims of misrepresentation made by each of them"; and (3) "that in all other respects" defendant's motion for summary judgment be denied.

Plaintiff sought and was denied a certification by the district court under 28 U.S.C. § 1292(b) and Rule 54(b), F.R. Civ.P. It then appealed to this court, relying on § 1292(a) (1), which reads in pertinent part:

"(a) The courts of appeals shall have jurisdiction of appeals from:

"(1) Interlocutory orders of the district courts of the United States * * granting, continuing, modifying, refusing or dissolving injunctions * *."

For the purposes of this appeal the facts are adequately stated in the opinion of the district court. 327 F.Supp. at 659 et seq.

ham Act), 15 U.S.C. §§ 1051–1127, and Article 24 of the General Business Law of New York, McKinney's Consol.Laws, c. 20. Jurisdiction is founded on 28 U.S.C. § 1332(a) and 15 U.S.C. § 1121.

I

In granting in part defendant's motion for summary judgment, the district court's order in effect constituted a final denial on the merits of the injunctive relief prayed for by plaintiff as to those uses by defendant of the word "safari" which the district court found not to violate any trademark rights plaintiff may have in the word "safari". In these respects the order is appealable as an interlocutory order refusing an injunction under § 1292(a) (1).

Defendant argues that the order is not appealable, relying on Switzerland Cheese Association, Inc. v. E. Horne's Market, Inc., 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed. 2d 23 (1966), and Western Geophysical Co. of America v. Bolt Associates, Inc., 440 F.2d 765 (2 Cir. 1971). Those cases, however, are distinguishable.

In *Switzerland Cheese* the Court held that the *denial* of a *plaintiff's* motion for summary judgment seeking injunctive relief was not a denial or refusal of an injunction within § 1292(a) (1) because it did not "settle or even tentatively decide anything about the merits of the claim. It is strictly a pretrial order that decides only one thing—that the case should go to trial." 383 U.S. at 25, 87 S.Ct. at 195.[2] The present appeal deals with a *grant* in part of *defendant's* motion for summary judgment, which was, in effect, a final denial on the merits of plaintiff's request for an injunction as to certain uses of the word "safari" by defendant.

In *Western Geophysical* this court declined to take appellate jurisdiction under § 1292(a) (1) where the district court had granted in part motions by a plaintiff and a third-party defendant for summary judgment with respect to portions of several defenses and counterclaims raised by the defendant, which portions sought injunctive relief against

2. See also Chappell & Co. v. Frankel, 367 F.2d 197 (2 Cir. 1966).

the movants. The rationale of the decision was that no single counterclaim had been dismissed in its entirety and that the full extent of injunctive relief prayed for by the defendant could still be secured in each of its counterclaims. 440 F.2d at 771. In the present case, however, there are no remaining claims for injunctive relief which would encompass those uses of the word "safari" as to which the district court granted summary judgment in favor of defendant. Even if plaintiff should prevail on the remaining issues, the summary judgment in favor of defendant with respect to certain uses of the word "safari" by defendant would remain in effect.

Although a part of the district court's order is therefore appealable under § 1292(a) (1), the scope of appellate review is limited to that part of the order which resulted in a final denial of a major portion of plaintiff's requested injunction. The comments, findings and conclusions of the district court with respect to the issues on which an injunction was not refused are outside the scope of a § 1292(a) (1) appeal.

## II

At the conclusion of his discussion of the issue—"May the word 'Safari' alone be validly registered as a trademark?"— the district judge stated:

"Although 'safari' is a generic word, a genuine issue of fact exists as to whether the plaintiff has created a secondary meaning in its use of the word 'identifying the source' and showing that 'purchasers are moved to buy it because of its source,' Blisscraft of Hollywood v. United Plastics Co., 294 F.2d 694, 697 (2d Cir. 1961); see also American Lead Pencil Co. v. L. Gottlieb & Sons, 181 F. 178, 181 (2d Cir. 1910, Judge Learned Hand). Plaintiff is entitled to establish in the discovery process or on trial its contention that a secondary meaning has been

created. Accordingly, summary judgment cannot be granted on this issue." 327 F.Supp. at 662.

Then, in proceeding to discuss the other issue—"May summary judgment be granted on any of defendant's uses of 'Safari' ? "—the judge continued:

"Even though plaintiff has registered 'Safari' as a mark for the products in issue here and the question of secondary meaning remains undecided, '[t]he registering of a proper noun as a trademark does not withdraw it from the language, nor reduce it to the exclusive possession of the registrant which may be jealously guarding it against any and all use by others.' Societe Comptoir De L'Indus., etc. v. Alexander's Department Stores, Inc., 299 F.2d 33, 36 (2d Cir. 1962). * * " Id.

The judge then discussed several of defendant's uses of the word "Safari", alone or in compound words. He found that in certain instances defendant uses the word descriptively rather than as a trademark, despite evidence to the contrary, e. g., the letters "TM" after the words "Mini-safari" and "Safariland". He concluded that some of the uses of the word were not infringements, but that a genuine issue of fact exists as to whether plaintiff may be entitled to an injunction with respect to other items, specifically shoes, and granted defendant's motion for summary judgment only in part.

We intimate no opinion as to the ultimate merits of the case. But viewing the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion for summary judgment,[3] we conclude that genuine issues of fact exist which made it improper to enter a summary judgment finally denying even in part the injunctive relief sought by plaintiff.

Reversed and remanded.

**3.** See *United States v. Diebold, Inc.,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) ; *Adickes v. Kress & Co.,* 398 U.S.

144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

TIMBERS, Circuit Judge (concurring):

I agree with the judgment of the Court reversing and remanding, and I concur in all respects in the able majority opinion of Judge Thomsen.

Since Judge Feinberg's perceptive dissenting opinion is addressed only to the issue of the appealability of the district court order, I wish to add the following brief observations on that issue, in addition to my complete concurrence in the majority opinion's treatment of that issue.

If the relief sought below by plaintiff had been cast in the form of a claim for preliminary injunction, rather than for summary judgment, then I take it that the court's interlocutory order refusing such injunction quite clearly would be appealable under §1292(a)(1). That being so, it seems to me that the order here under review which finally dismissed certain of plaintiff's claims for injunctive relief with respect to the alleged infringement of plaintiff's trademark rights *a fortiori* is appealable under §1292(a)(1). Although other claims for injunctive relief are still pending, the dismissed claims sought relief on a legal theory distinct from the retained claims. I find the instant case to be indistinguishable from Glenmore v. Ahern, 276 F.2d 525, 545 (2 Cir.), cert. denied sub nom. Tri-Continental Financial Corp. v. Glenmore, 362 U.S. 964 (1960), where our Court held appealable under §1292(a)(1) an order of a district court which had dismissed one count of a multicount complaint, the dismissed count having sought the same injunctive relief as several other counts but on a distinct legal theory. 276 F.2d at 545–47. In Build of Buffalo, Inc. v. Sedita, 441 F.2d 284 (2 Cir. 1971), we held that "[b]y granting the motion of [three defendants] to dismiss (footnote omitted), the district court effectively denied at the same time plaintiffs' motion for a preliminary injunction as against those defendants. (footnote omitted) The resultant denial of an injunction is appealable under 28 U.S.C.

§ 1292(a)(1)." 441 F.2d at 286. Further in the same opinion, we observed that "[t]hus, the dismissal against [three defendants] operated as a refusal of a distinct and separate claim for an injunction, for which any other relief that might emerge from the case could never adequately substitute." 441 F.2d at 287. *See also* Spangler v. United States, 415 F.2d 1242, 1246–47 (9 Cir. 1969); Telechron, Inc. v. Parissi, 197 F.2d 757 (2 Cir. 1952).

In short, the teaching of these cases and others would seem to be that it is the operative facts (whether set forth in one count or multiple counts) giving rise to an enforceable right which constitutes a "claim", Original Ballet Russe, Ltd. v. Ballet Theatre, Inc., 133 F.2d 187, 189 (2 Cir. 1943), and when such "claim" is squared against the relief granted or withheld by the district court's judgment or order, that determines whether injunctive relief has been granted or refused for purposes of federal appellate jurisdiction. Just recently, the Supreme Court, responding to a challenge to its appellate jurisdiction to consider a direct appeal under the three-judge district court statute, 28 U.S.C. § 1253 (1970), where the district court did not reach the merits of appellants' claim for an injunction but dismissed for lack of subject matter jurisdiction, in relevant part held:

"The appellees also note that § 1253 permits appeals to this Court only from orders 'granting or denying . . . an interlocutory or permanent injunction. . . .' They argue that since the three-judge court never considered whether an injunction should be granted an appeal should lie to the Court of Appeals. The three-judge court, however, entered a judgment 'denying all relief sought by plaintiffs.' We therefore have jurisdiction to consider the claims presented." Lynch v. Household Finance Corp., 405 U.S. 538, 541 n. 5 (1972).

Finally, I think Judge Feinberg's dissenting opinion is constructive in flagging the invitation by the author of the

majority opinion in Glenmore v. Ahern, *supra,* to reconsider in an appropriate case the appealability issue which was decided there by a sharply divided court more than a decade ago. Western Geophysical Co. of America v. Bolt Associates, Inc., 440 F.2d 765, 770–71 n. 4 (2 Cir. 1971). After all, of the five active judges who participated in the *Glenmore* decision, only one is still in active service and he has tendered the invitation to reconsider. There are now seven other active judges who had nothing to do with *Glenmore.* I for one would favor such reconsideration in an appropriate case, but I do not believe this is that case. Among other reasons, none of us doubts that the district court here erred in granting partial summary judgment in favor of defendant in view of the genuine issues as to material facts with respect to the secondary meaning of the word "Safari" as disclosed by the affidavits and exhibits which were before the court. And while we differ regarding the appealability of the erroneous order granting summary judgment, I think there is a practical reason for reversing and remanding at this point now that the case is before us: ultimate disposition of this litigation will be speeded up by correcting the district court error now so that in due course when the appeal from the final judgment reaches us there may be at least the *possibility* of no need for a remand, whereas on the present record there is a *certainty* of the need for a remand on the issues the district court has summarily decided without a trial.

Accordingly, I concur in all respects in the judgment of the Court and in the majority opinion.

FEINBERG, Circuit Judge (dissenting):

I dissent from the majority opinion because the district court's order is not appealable. In my view, there is no compelling reason in cases like this to justify abandoning the historic federal policy against piecemeal appeals. Nor can justification be found in the purpose of

28 U.S.C.A. § 1292(a) (1), which must be our guide rather than the statute's literal language. See Chappell & Co. v. Frankel, 367 F.2d 197, 202 (2d Cir. 1966) (in banc). The clear purpose of section 1292 (a) (1) is to "permit litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence." Baltimore Contractors v. Bodinger, 348 U.S. 176, 181, 75 S.Ct. 249, 252, 99 L.Ed. 233 (1955). Moreover, when Congress amended the original exception to the final judgment rule for the grant or continuance of injunctive relief to add the refusal of such relief, "it seems rather plain that Congress was thinking primarily of the case where erroneous denial of a *temporary* injunction may cause injury quite as irreparable as an erroneous grant of one." See Stewart-Warner Corp. v. Westinghouse Elec. Corp., 325 F.2d 822, 830 (2d Cir. 1963) (dissent), cert. denied, 376 U.S. 944, 84 S.Ct. 800, 11 L.Ed.2d 767 (1964). But plaintiff does not, and indeed cannot, claim that it will suffer special or irreparable temporary harm unless allowed to appeal the trial court's order immediately. Any such assertion would be belied by plaintiff's failure to seek preliminary injunctive relief in the district court in the period since the complaint was filed in January 1970.

Plaintiff's suit asks for a permanent injunction against the use by defendant of plaintiff's mark "Safari" on various classes of goods and an accounting from defendant. That suit still remains untried, except that the district judge has limited plaintiff's case as follows: Plaintiff cannot stop defendant from using "Safafi" on a safari hat, "Minisafari" on a smaller hat, "Safariland" in the name of its shop and newsletter, or "Safari" on products relating to "the practice or cult of safari." What the latter are we do not know. But we do know that plaintiff still has a case to prove regarding defendant's use of "Safari" on other products, such as shoes. In that sense, and in the absence of any threat of imminent irreparable injury, the situation resembles a pre-trial order limiting the

type of damages plaintiff may prove, e. g., in a contract suit, eliminating lost profits. *Cf.* Clark v. Kraftco Corp., 447 F.2d 933, 936 (2d Cir. 1971). In such a case, a plaintiff should not be able to appeal the adverse determination until the entire case has been tried, unless there is ground for an immediate appeal under Fed.R.Civ.P. 54(b) or 28 U.S.C. § 1292(b), not applicable here.[1] The permanent injunction plaintiff seeks has not yet been fully and finally granted or denied. Until it is, and in the absence of a motion in the trial court for a preliminary injunction, see Build of Buffalo, Inc. v. Sedita, 441 F.2d 284 (2d Cir. 1971), we should not allow the appeal.

Admittedly, this position perhaps conflicts with the reasoning of our decision in Glenmore v. Ahern, 276 F.2d 525 (2d Cir.), cert. denied, 362 U.S. 964, 80 S.Ct. 877, 4 L.Ed.2d 878 (1960). There we allowed, over strong dissents, an appeal under section 1292(a) (1) from a district court order which dismissed one count of a multi-count complaint. The dismissed count requested the same injunctive relief as did other counts in the complaint but was based on a "distinct legal theory." But one of the principal cases on which the court in *Glenmore* relied in reaching its decision, Federal Glass Co. v. Loshin, 217 F.2d 936 (2d Cir. 1954), was subsequently overruled by this court in Chappell & Co. v. Frankel, *supra*, and disapproved by the Supreme Court in Switzerland Cheese Ass'n, Inc. v. E. Horne's Market, Inc., 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966). Moreover, the writer of the majority opinion in *Glenmore*, now Chief Judge Friendly, has suggested that "it may be appropriate for us to give fur-

ther consideration to . . . [the appealability question] should it again arise." Western Geophysical Co. of America v. Bolt Associates, Inc., 440 F.2d 765, 770–771 n. 4 (2d Cir. 1971). In holding that an order granting partial summary judgment against defendant was not appealable under section 1292(a) (1), the court in *Western Geophysical* distinguished *Glenmore* on the ground that in the case then before it "no single counterclaim . . . had been dismissed in its entirety." 440 F.2d at 770–771.

Thus, the question of appealability in cases such as this is far from closed. Arguably, since the district court's order here did not dismiss a separate "count" of plaintiff's complaint, there is no right to an interlocutory appeal under our cases. That argument, of course, is complicated by the fact that the effect of the trial court's order was to narrow the scope of injunctive relief sought by plaintiff. *Cf.* Build of Buffalo, Inc. v. Sedita, *supra* (plaintiffs allowed to appeal where scope of injunctive relief sought was reduced by order dismissing three defendants, but plaintiffs had moved for preliminary injunction); McMillan v. Bd. of Educ., 430 F.2d 1145 (2d Cir. 1970). But aside from such technical arguments, both the policy behind section 1292(a) (1) and considerations of judicial administration, see American Express Warehousing, Ltd. v. Transamerica Ins. Co., 380 F.2d 277, 280–282 (2d Cir. 1967), support the conclusion that the order here is not now appealable. The remainder of this case should be tried promptly and concluded, rather than have it surface in this court in bits and pieces.

---

1. Plaintiff did try those routes, but Judge Lasker refused to direct entry of a final judgment under Rule 54(b) or to grant a certification under § 1292(b), both prerequisites to jurisdiction in this court.