[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ON APPLICATION FOR TEMPORARY INJUNCTION
The plaintiffs seek to enjoin the defendants from ". . . engaging, directly or indirectly, in any repairs or improvements to a certain driveway across the property of the plaintiffs, including, without limitation, the cutting or clearing of any vegetation and the oiling of the driveway. . . ."
The granting of temporary injunctive relief lies within the court's sound discretion. Covenant Radio Corp. v. Ten Eighty Corp., 35 Conn. Sup. 1, 3-4 (1977). To secure such relief, the applicant must show clearly that protectable interests are at stake and must establish, to a reasonable certainty, that applicant will prevail subsequent to a final hearing by showing both irreparable injury and the lack of an adequate remedy at CT Page 4457 law. Covenant Radio Corp., supra at 3; see Chappel Co. v. Frankel, 367 F.2d 197 202 (2d Cir. 1966) (en banc); Hopkins v. Hamden Board of Education, 29 Conn. Sup. 397, 417 (1971).
The court disagrees with plaintiffs' claim that the court should limit its inquiry to examining whether the activities of the owner of the dominant estate sought to be enjoined by the owner of the servient estate would constitute an unauthorized, excessive or unreasonable use of the easement. The cases cited by plaintiffs do not support that argument with regard to the issuance of a temporary injunction.
After an evidentiary hearing, the court concludes that plaintiffs failed to demonstrate the requisite factors for temporary injunctive relief. In view of the defendants' rights with regard to the roadway in question, their actions appear generally to be appropriately related to the exercise of those rights. Further, there was no showing of irreparable injury.
For the foregoing reasons, the application for temporary injunction is denied.
BARRY R. SCHALLER, JUDGE