LOUIS W. POIRIER & others *vs.* SUPERIOR COURT & another.

Suffolk.  March 4, 5, April 14, 1958. — May 8, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, &
WHITTEMORE, JJ.

*Labor. Equity Pleading and Practice,* Labor case, Injunction. *Law or
Fact. Statute,* Construction. *Words,* "Labor dispute."

What constitutes a labor dispute within G. L. c. 149, § 20C, as amended,
is a question of law. [526]

An allegation in a bill in equity that the defendants acted "unlawfully"
was not one of fact, but further allegations of their "purpose" in so
acting and of absence of certain "business relations" between the
parties were allegations of fact. [526]

The construction given to a Federal statute by the Federal courts is to
be given to a like Massachusetts statute subsequently enacted. [526–
527]

A controversy between a building contractor and building trades labor
organizations arising from picketing of the site of one of the con-
tractor's jobs was a "labor dispute" within G. L. c. 149, § 20C, as
amended by St. 1950, c. 452, although it appeared that none of the
contractor's employees on the job was a union member, that the con-
tractor had no contract with any labor union as to the job or "busi-
ness relations" with the representatives of the labor organizations,
and that the picketing was peaceful, was done by persons who never
were in the contractor's employ and were sent by one of the organiza-
tions, and was "solely for the purpose" of compelling the contractor
to enter into union contracts; and the procedure prescribed by G. L.
c. 214, § 9A, as amended by St. 1950, c. 452, § 3, was applicable in a
suit in equity by the contractor to enjoin the picketing, whether the
picketing was lawful or unlawful. [526–527]

In a mandamus proceeding seeking to compel a judge of the Superior
Court, who had ordered a preliminary injunction to issue in a suit in
equity restraining certain picketing, to make a report respecting the
injunction for hearing by a justice of this court pursuant to G. L.
c. 214, § 9A, as amended, where it appeared that the judge of the
Superior Court had been in error in ruling that there was no labor dis-
pute between the parties to the suit within G. L. c. 149, § 20C, as
amended, and that the procedure prescribed by § 9A was inapplicable,
and that he had ordered the issuance of the injunction without making
the findings of fact essential under § 9A to jurisdiction to issue it, this
court reversed his order. [527–528]

PETITION for a writ of mandamus filed in the Supreme Judicial Court for the county of Suffolk on September 18, 1957.

The case was reserved and reported by *Ronan, J.*

*Robert M. Segal,* (*Arthur J. Flamm* with him,) for the petitioners.

*George Michaels,* Assistant Attorney General, for the Superior Court.

*Harry J. O'Sullivan,* for Kelleher.

WILKINS, C.J. This petition for a writ of mandamus is reported by a single justice upon the question whether a case numbered 39,789 Equity in the Superior Court for Plymouth County involves or grows out of a labor dispute within G. L. c. 214, § 9A (as amended through St. 1950, c. 452, § 3), or c. 149, § 20C (as amended through St. 1950, c. 452, §§ 1, 2). The reference is to a bill in equity in which Gerald J. Kelleher (the intervening respondent here) is the plaintiff and Louis W. Poirier and others (three of whom are petitioners here) are the defendants.[1] Kelleher is a general contractor and builder in Brockton employing from twelve to seventeen workmen. The defendants are members of various labor unions or of the Brockton Building Trades Council, voluntary unincorporated associations, whose members are too numerous to be joined as parties. From July 30 until September 14, 1957, the defendants Hopkins and Larson, who were sent by the trades council, picketed on the sidewalk in front of a garage then in course of construction by Kelleher at 140 Court Street, Brockton. They carried signs reading, "Gerald J. Kelleher is *Non Union.* Brockton Building Trades Council, A. F. of L. — C. I. O." Poirier is president of the trades council, and Hopkins, Larson, and he are members of Laborers Union Local No. 721. The pickets were never in the employ of Kelleher. None of his employees on the garage job was a member of any union. He had no contract with any union as to that job. The

---

[1] We shall, whenever possible, refer to the parties as in the case in the Superior Court.

picketing was peaceful. The foregoing facts have been agreed.

In the Superior Court the case was heard solely on the plaintiff's application for a preliminary injunction. The judge found that "there is no labor dispute and no dispute of any kind" between the plaintiff and any of the defendants; and that the picketing "has interfered with the plaintiff's carrying on of business." He ruled that G. L. c. 149, § 20C, and G. L. c. 214, § 9A, "are not applicable"; and that "the picketing is illegal." He ordered a preliminary injunction to issue against the defendants and the individual members of the building trades council and of Local No. 721 restraining picketing in front of 140 Court Street, Brockton, or in front of any other place in Brockton where Kelleher is carrying on business. The plaintiff did not file "an undertaking with adequate security," and the judge refused to make findings on the report which would be required by G. L. c. 214, § 9A, if applicable.

Before the single justice the parties agreed that the allegations of fact in the bill of complaint in the Superior Court case are true, thereby raising questions as to what are allegations of fact. See *Union Old Lowell National Bank* v. *Paine,* 318 Mass. 313, 316. The parties in their arguments were not in accord as to the effect of this agreement upon the allegations in two paragraphs of the bill: "19. That there is in fact no labor dispute existing between the plaintiff and the Truck Drivers Union nor the plaintiff and the Laborers Union, nor the plaintiff and the Plumbers Union, nor the plaintiff and the Brockton Building Trades Council. 20. That the individual defendants, the unions, the Brockton Building Trades Council, and the pickets are all unlawfully combining, conspiring, and acting solely for the purpose of compelling Kelleher to sign union agreements with the several unions involved when there is no labor dispute with any and all of them, and when Kelleher has no business relations with any of the named defendants."

General Laws c. 214, § 9A, created a new procedure, peculiar to labor cases, and provides for a summary review

by a single justice of questions of law arising out of the granting or denial of an injunction.[1] *Mengel* v. *Justices of the Superior Court*, 313 Mass. 238, 244–245. *Thayer Co.* v. *Binnall*, 326 Mass. 467, 474–475. The term "labor dispute" is defined in G. L. c. 149, § 20C (as amended through St. 1950, c. 452, § 2): " (a) A case shall be held to involve or to grow out of a labor dispute when the case involves persons who are engaged in the same industry, trade, craft or occupation; . . . whether such dispute is (1) between one or more employers . . . and one or more employees or associations of employees; . . . or (3) . . . when the case involves any conflicting or competing interests in a 'labor dispute' (as hereinafter defined) of 'persons participating or interested' therein (as hereinafter defined). (b) A person or association shall be held to be a person participating or interested in a labor dispute if relief is sought against him or it, and if he or it is engaged in the same industry, trade, craft or occupation in which such dispute occurs, or has a direct or indirect interest therein, or is a member, officer or agent of any association composed in whole or in part of employers or employees engaged in such industry, trade, craft or occupation. (c) The term 'labor dispute' . . . includes any controversy *arising out of any demand of any character whatsoever* concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange, terms or conditions of employment, *regardless of whether the disputants stand in proximate relation of employer and employee.*"[2]

---

[1] Section 9A (6) reads: "Whenever the court shall issue or deny a preliminary injunction in a case involving or growing out of a labor dispute, the court, upon the request of any party to the proceeding, shall forthwith report any questions of law involved in such issue or denial to the supreme judicial court and stay further proceedings except those necessary to preserve the rights of the parties. Upon the filing of such report, the questions reported shall be heard in a summary manner by a justice of the supreme judicial court, who shall with the greatest possible expedition affirm, reverse or modify the order of the superior court. The decision of such justice of the supreme judicial court upon the questions so raised shall be final, but without prejudice to the raising of the same questions before the full court upon exceptions, appeal or report after a final decree in the case."

[2] The italics indicate words which were added by this amendment to § 20C as previously contained in St. 1935, c. 407, § 1.

Paragraphs 19 and 20 of the bill of complaint are obviously inconsistent. The judge found in accordance with the general allegation in paragraph 19 that there is no labor dispute. But if that portion of paragraph 20 specifically alleging that the purpose of the defendants is to compel Kelleher to sign union agreements is to be taken as correct, there is a labor dispute between the parties to the bill in equity. We are of opinion that what constitutes a labor dispute under § 20C is a question of law. Consequently, there is no allegation of fact in paragraph 19 of the bill. Similarly, the words "when there is no labor dispute with any and all of them" and "unlawfully" in paragraph 20 are not allegations of fact. But the statements in the latter paragraph that the defendants were "acting solely for the purpose of compelling Kelleher to sign union agreements with the several unions involved . . . when Kelleher has no business relations with any of the named defendants" are allegations of fact, which are admitted. *Whitcomb* v. *Vigeant,* 240 Mass. 359, 362. *Laughlin Filter Corp.* v. *Bird Machine Co.* 319 Mass. 287, 290. *Hayeck* v. *Metropolitan District Commission,* 335 Mass. 372, 374. That there are no business relations between the defendants in the Superior Court and Kelleher is no longer important after the addition of the words, "regardless of whether the disputants stand in proximate relation of employer and employee," in the amendment of § 20C (c) by St. 1950, c. 452, § 2. The introduction of this new phrase would be a sufficient reason why the respondents here have not cited *Simon* v. *Schwachman,* 301 Mass. 573, and *Quinton's Market, Inc.* v. *Patterson,* 303 Mass. 315.

The added words were taken from the Norris-LaGuardia act.[1] U. S. C. (1952) Title 29, § 113 (c). That act had already been interpreted to include within the definition of a labor dispute controversies indistinguishable from that here disclosed. *Lauf* v. *E. G. Shinner & Co.* 303 U. S. 323, 329–330. *New Negro Alliance* v. *Sanitary Grocery Co.* 303

---

[1] Except for the omission, probably inadvertent, of "the" before "proximate."

U. S. 552, 560. *Fur Workers Union, Local No. 72* v. *Fur Workers Union, No. 21238*, 105 F. 2d 1, 6–8 (Ct. App. D. C.); affirmed sub nom. *Fur Workers Union No. 21238* v. *Fur Workers Union, Local No. 72*, 308 U. S. 522. The adjudged construction by the Federal courts is to be given to the subsequent enactment by the Legislature. *Thibault* v. *Lalumiere*, 318 Mass. 72, 75, and cases cited.

This case involves "persons who are engaged in the same industry, trade, craft or occupation." The dispute is "between one or more employers . . . and one or more employees or associations of employees." The "case involves . . . conflicting or competing interests in a 'labor dispute' . . . of 'persons participating or interested' therein." See G. L. c. 149, § 20C.

The effect of the definitions in G. L. c. 149, § 20C (c), (d), (e), as amended through St. 1950, c. 452, § 2, is to make the procedural safeguards of c. 214, § 9A, applicable to every kind of labor dispute regardless of whether the dispute is lawful or unlawful as a matter of substantive law. The injunction should not have issued without the preliminary findings prescribed in § 9A, and the case should have been reported to the single justice. *Davis Brothers Fisheries Co. Inc.* v. *Pimentel*, 322 Mass. 499, 507–508. See *Fashioncraft, Inc.* v. *Halpern*, 313 Mass. 385, 390.

The petition asks that a writ issue to direct the judge of the Superior Court "to report any and all questions of law involved in the issuance of a preliminary injunction to a single justice" of the Supreme Judicial Court. It is apparent from the record before us, as well as from the report of the evidence, which contains an agreement as to certain facts (although not in the precise form of those agreed before the single justice) that the judge's finding that there was no labor dispute was based upon rulings of law which were erroneous. See *Mengel* v. *Justices of the Superior Court*, 313 Mass. 238, 246–247.

It is provided in G. L. c. 214, § 9A (1): "No court shall have jurisdiction to issue a preliminary or permanent injunction in any case involving or growing out of a labor dis-

pute, as defined in section twenty C of chapter one hundred and forty-nine" except after finding the prescribed facts. The preliminary injunction issued without jurisdiction.

*Order of Superior Court reversed.*