### In the Matter of BRENDAN REILLY ASSOCIATES, INC., Bankrupt.

### Quintino TESCIUBA, d/b/a Mutual Trade Enterprises Company, Creditor-Appellant,

### Bernard WEINSTEIN, Trustee, Appellee, Cambridge Factors, Creditor-Appellee.

### No. 413, Docket 30976.

United States Court of Appeals
Second Circuit.

Argued April 14, 1967.

Decided May 1, 1967.

---

Anthony B. Cataldo, New York City, for appellant Quintino Tesciuba.

Martin J. Caine, New York City, for trustee-appellee Bernard Weinstein.

Howard C. Amron, New York City (Bendes, Stark & Amron, New York City), for appellee Cambridge Factors.

Before MOORE, SMITH and FEINBERG, Circuit Judges.

**PER CURIAM:**

Brendan Reilly Associates, bankrupt, filed a voluntary petition in bankruptcy on March 6, 1964, and was appointed debtor in possession on March 10, 1964.

Quintino Tesciuba, appellant and a creditor of the bankrupt, instituted a proceeding on April 2, 1964, to reclaim certain property in the possession of the bankrupt, allegedly belonging to appellant. Appellant's petition was granted on April 29, 1964, and subsequently appellant recovered the property.

The bankrupt was adjudicated on October 13th, and the Trustee qualified on October 19, 1964. On May 11, 1965, the Trustee filed an application for a declaration of his rights, seeking vacation of the order of April 29, 1964, and permission to file an answer to the appellant's reclamation petition of April 2, 1964.

Appellant moved for summary judgment against the Trustee on August 27, 1965. The motion was denied by the Referee and the denial confirmed by the District Court on June 28, 1966. Reargument was denied on August 2, 1966.

Appellant appeals from the orders of the District Court dated June 28th and August 2nd, 1966.

The August 2, 1966, order denying reargument, is not appealable. In the Matter of Brendan Reilly Associates, Inc., 372 F.2d 235 (2d Cir. 1967).

The denial of a motion for summary judgment is an interlocutory order and normally not appealable. Chappell & Co. v. Frankel, 367 F.2d 197 (2d Cir. 1966); 6 Moore, Federal Practice ¶ 56.21[2]. Interlocutory orders in proceedings in bankruptcy are appealable, 11 U.S.C.A. § 47, whereas such orders in controversies arising in proceedings in bankruptcy and in plenary actions brought by the Trustee are not. 6 Moore, Federal Practice ¶ 56.21[2] pp. 2793–4.

The Trustee's application in the present case asserted the invalidity of appellant's title as against both the debtor in possession and the Trustee. As noted above, the prayer for relief

sought vacation of the Court's order establishing appellant's right to the property and asked permission to file an answer to appellant's reclamation claim.

It is apparent that the proceedings below involved a dispute between the Trustee and an adverse claimant over the right to possession of property. Such a dispute is clearly not a proceeding in bankruptcy, 2 Collier on Bankruptcy (14th Ed.) ¶ 24.29–24.32, and the denial of summary judgment is not appealable.

Appeal dismissed for lack of jurisdiction.