

John E. Sacker, Jr., Atlanta, Ga., Ballard & Thigpen, Covington, Ga., for appellant.

Charles L. Goodson, U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., Kathryn H. Baldwin, Jack H. Weiner, Attys., Dept. of Justice, Washington, D. C., Carl Eardley, Acting Asst. Atty. Gen., for appellee.

Before BROWN, Chief Judge, FAHY * and DYER, Circuit Judges.

PER CURIAM:

Appellant filed a claim with the Department of Health, Education and Welfare for disability benefits under Sections 216(i) and 223 of the Social Security Act, 42 U.S.C.A. §§ 416(i) and 423. The claim was denied at all administrative levels, and the appellant filed suit to obtain judicial review of the administrative decision.

Rather than denying or answering the complaint the secretary moved the court, pursuant to 42 U.S.C.A. § 405(g), to remand the case to him for further action. The district court granted this motion and thereafter the secretary reversed his previous decision and awarded the appellant all the disability benefits he claimed. Appellant was paid his past due benefits amounting to $3,743.20 and his monthly benefits were commenced.

**Van R. DUKE, Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Appellee.**

**No. 24682.**

United States Court of Appeals
Fifth Circuit.

Dec. 12, 1967.

* Senior Circuit Judge of the District of Columbia Circuit, sitting by designation.

After the decision on remand appellant moved the district court to enter a summary judgment affirming the decision of the secretary and to allow as part of the judgment, an attorney's fee of twenty-five percent of the past due benefits to which appellant was entitled as provided in the contingent fee contract entered into between appellant and his attorney.

The district court denied appellant's motion for summary judgment. In its order the court stated *inter alia:*

> Upon remand, an award was made in the plaintiff's favor. Thus, no judgment was made by the Court, and therefore Title 42 U.S.C.A. § 406(b) (1) regarding attorney's fees in cases where court action results in a favorable decision for the claimant is not applicable.

> The proper form of relief for the plaintiff's attorney is through application to the Secretary for attorney's fees. Until such remedy is sought, the Court will not rule on the matter.

Under 28 U.S.C.A. § 1291, the United States Courts of Appeals have jurisdiction of "all final decisions" of the district courts, except decisions of three judge district courts. It is, however, firmly established that the denial of a motion for summary judgment is not a final decision and may not be appealed. In re Brendan Reilly Associates, Inc., 2 Cir. 1967, 378 F.2d 30, 31; Boeing Co. v. Local 1069, UAW, 3 Cir. 1967, 370 F.2d 969, 970; Upper Mississippi Towing Corp. v. West, 8 Cir. 1964, 338 F.2d 823, 825; Alexander v. Pacific Maritime Ass'n, 9 Cir. 1964, 332 F.2d 266, 268; Waller v. Professional Insurance Corp., 5 Cir. 1963, 316 F.2d 729; Valdosta Livestock Co. v. Williams, 4 Cir. 1963, 316 F.2d 188; John Hancock Mut. Life Ins. Co. v. Kraft, 2 Cir. 1953, 200 F.2d 952, 953; Atlantic Co. v. Citizens Ice & Cold Storage Co., 5 Cir. 1949, 178 F.2d 453, 456; Marcus Breier Sons, Inc. v. Marvlo Fabrics, Inc., 2 Cir. 1949, 173 F.2d 29; Jones v. St. Paul Fire & Marine

Ins. Co., 5 Cir. 1939, 108 F.2d 123, 125. See also 6 Moore, Federal Practice, Para. 56.21(2).

The appeal is accordingly

Dismissed.