402 F.2d 779
 ALART ASSOCIATES, INC., Plaintiff, and Counter-claim Defendant-Appellee,
v.
Cy APTAKER and Preview Distributors, Inc., Defendants, Counter-claimants, and Third-Party Plaintiffs-Appellants,
v.
Alvin G. BLUMBERG, Third-Party Defendant-Appellee.
 No. 127.
 No. 128.
 Docket 32395.
 Docket 32396.
 United States Court of Appeals Second Circuit.
 Argued October 8, 1968.
 Decided October 28, 1968.
 
 Julius E. Foster, New York City, for defendants-appellants.
 Kim M. Lefever, New York City (March, Gillette & Wyatt, Douglas W. Wyatt, New York City, on the brief), for plaintiff-appellee.
 Before FRIENDLY, ANDERSON and FEINBERG, Circuit Judges.
 FEINBERG, Circuit Judge:
 
 
 1
 Defendants Cy Aptaker and Preview Distributors, Inc. appeal from two orders of Walter R. Mansfield, J., of the United States District Court for the Southern District of New York. This is another of the surprisingly frequent occasions when neither party to an appeal has briefed the appealability of the order complained of until we raised the issue at oral argument. See, e. g., Donlon Indus., Inc. v. Forte, 402 F.2d 935 (2d Cir. 1968); Wilkins v. American Export-Isbrandtsen Lines, Inc., 401 F.2d 151 (2d Cir. 1968).
 
 
 2
 After plaintiff's suit for copyright infringement was filed, it became clear that there was a discrepancy between the name used in the complaint and on the copyright certificate (Alart, Inc.) and plaintiff's true corporate name (Alart Associates, Inc.). Convinced that this was a fatal flaw, defendants moved for summary judgment before Judge Metzner; plaintiff argued that the difference in name was inadvertent and had caused defendants no prejudice. Judge Metzner denied defendants' motion for summary judgment and granted plaintiff permission to amend its complaint to reflect the actual corporate name. Undeterred, defendants promptly moved for reargument, but Judge Metzner adhered to his original determination. Over six months later, defendants again moved for summary judgment on substantially similar grounds. The motion was again denied, this time by Judge Mansfield. 279 F.Supp. 268. Regarding the basic contention as "frivolous and dilatory" and pointing out that it had already been unsuccessfully raised twice before, he also ordered defendants to pay $300 to plaintiff as "reasonable expenses * * including reasonable attorney's fees." Fed.R.Civ.P. 56(g). Over a month later, defendants doggedly moved for reconsideration, which Judge Mansfield denied. Defendants appeal from both of Judge Mansfield's orders.
 
 
 3
 We have examined the issue of appealability and have considered defendants' supplemental brief on the point. It has long been clear that denial of a motion for summary judgment is not appealable as a "final decision" under 28 U.S.C. § 1291. Moreover, it has been plain for almost two years that denial of such a motion is not appealable under 28 U.S.C. § 1292(a) (1), even though plaintiff brought the motion and the complaint prayed for an injunction, Switzerland Cheese Ass'n v. E. Horne's Market, Inc., 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed. 2d 23 (1966), a result foreshadowed a few weeks earlier in this circuit, Chappell & Co. v. Frankel, 367 F.2d 197 (2d Cir. 1966) (in banc). Defendants argue that the $300 sanction imposed by Judge Mansfield confers appealability under Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-547, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). We find no authority directly on point, no doubt due to the extreme infrequency with which Rule 56 (g) is invoked and general awareness of the policy behind the federal final judgment rule. As a practical matter, the orders do not dispose of the case or impede its normal processing. Cf. Eisen v. Carlisle & Jacquelin, 370 F.2d 119 (2d Cir. 1966), cert. denied, 386 U.S. 1035, 87 S.Ct. 1487, 18 L.Ed.2d 598 (1967). Moreover, defendants' claim that Judge Mansfield abused his discretion can be reviewed after final judgment is entered — along with the case on the merits if defendants lose, and on an assessment of costs if defendants win. Cf. Farmer v. Arabian American Oil Co., 324 F.2d 359 (2d Cir. 1963), rev'd on other grounds, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). See also Gibbs v. Blackwelder, 346 F.2d 943 (4th Cir. 1965). Therefore, keeping in mind the salutary policy against piecemeal review, we do not believe that the collateral order doctrine should apply here. Cf. United States v. Fried, 386 F.2d 691, 695 (2d Cir. 1967); American Express Warehousing, Ltd. v. Transamerica Ins. Co., 380 F.2d 277, 280-282 (2d Cir. 1967). We express no view on whether the $300 sanction was unduly harsh or on the validity of defendants' attack on plaintiff's copyright.
 
 
 4
 Accordingly, the appeal is dismissed.