410 F.2d 377
 In the Matter of UNITED SOUTHERN COMPANIES, Inc., et al.
William H. DUCKWORTH, Jr., as Trustee, Plaintiff-Appellant,
v.
Zack D. CRAVEY, Jr., and Robert P. Cravey, as Executors of
the Estate of Zack D. Cravey, Sr., et al.,
Defendants-Appellees.
 No. 27298.
 United States Court of Appeals Fifth Circuit.
 April 25, 1969, Rehearing Denied June 4, 1969.
 
 John K. Calhoun, Roy J. Leite, Jr., Atlanta, Ga., for appellant.
 B. D. Murphy, James H. Keaten, Atlanta, Ga., for appellees.
 Before JOHN R. BROWN, Chief Judge, GEWIN and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this case, which originated in a Chapter X reorganization proceeding, suit was brought in the district court by the Trustee in bankruptcy and certain creditors to recover property allegedly transferred to hinder, delay and defraud creditors. Later the suit was amended to incorporate another count claiming damages for assets fraudulently and in bad faith conveyed by the defendants-appellees.
 
 
 2
 The case was referred to a Special Master, a Referee in Bankruptcy, who recommended summary judgment against some of the defendants for the fraudulent transfer of the property and also recommended that the court enter summary judgment that a conspiracy to defraud existed. The district court declined to follow the Special Master's recommendation and recommitted[1] the matter for further consideration of the question of the transferor's intent.
 
 
 3
 The trustee-appellant now appeals the district court's denial of the summary judgment motion. The defendants-appellees have subsequently moved to dismiss the appeal on the ground that a denial of summary judgment motion is not a final judgment and is therefore not appealable under 28 U.S.C. 1291. Interlocutory orders which are entered in controversies arising in proceedings in bankruptcy and in plenary actions by the trustee are not reviewable. See In re Brendan Reilly Associates, Inc., 2 Cir. 1967, 378 F.2d 30; Universal Oil Products Co. v. Cosden Petroleum Corporation, 5 Cir. 1949, 178 F.2d 495; Matter of Finklestein, 2 Cir. 1939, 102 F.2d 688; 6 Moore Federal Practice, Par. 56.21(2) pp. 2793-4. Undeniably, the relief sought here stems from a controversy arising in a bankruptcy proceeding rather than from a proceeding in bankruptcy in which interlocutory orders are appealable under Section 24 of the Bankruptcy Act. 11 U.S.C. Sec. 47. There is no indication that irreparable injury will result from the dismissal of this appeal. Consequently, Gillespie v. United States Steel Corp., 1964, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199, cited by the appellant is not controlling. cf. 21 Turtle Creek Square, Ltd. v. New York State Teachers' Retirement System, 5 Cir. 1968, 404 F.2d 31 (November 7, 1968).
 
 
 4
 The district court is of course entirely free to take such action as is necessary from time to time to protect the interests of the parties, pending final disposition.
 
 
 5
 We do not consider the appellant's motion to allow limited photostatic reproduction of certain documents because we conclude that the order appealed from is not such a final decision or interlocutory order as would vest this Court with appellate jurisdiction. The motion to dismiss the appeal for lack of jurisdiction is granted.
 
 
 6
 Appeal dismissed.
 
 
 
 [1]
 The original Special Master having retired as Referee, another Referee in Bankruptcy was designated as Special Master