**Dr. John G. MADRY, Jr., Plaintiff-Appellant,**

v.

**Dr. Otto G. SOREL et al., Defendants-Appellees.**

No. 30217.

United States Court of Appeals, Fifth Circuit.

March 26, 1971.

Rehearing Denied April 22, 1971.

Gleason, Walker, Pearson & Ferrell, Melbourne, Fla., Carl W. Pearson, Titusville, Fla., J. Compton French, Landis, Graham, French, Husfeld, Sherman & Ford, Daytona Beach, Fla., for plaintiff-appellant.

Ralph Geilich, Elting L. Storms, G. W. Hedman, Storms, Pappas & Krasny, Melbourne, Fla., Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, Fla., Leon H. Handley, Jeff B. Clark, Orlando, Fla., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and PHILLIPS* and INGRAHAM, Circuit Judges.

JOHN R. BROWN, Chief Judge:

Doctor Madry attacked his 1966 suspension from the Brevard Hospital on the grounds that (i) as a Hill-Burton financed project the conduct of the Board of Governors was invested with requisite state action,[1] 42 U.S.C.A. § 1983, and (ii) that the suspension was constitutionally invalid for want of adequate, timely notice of the charges, accompanied by an opportunity for a fair hearing in which witnesses could be confronted and cross-examined. On the basis of pretrial depositions and affidavits, which were opposed in part by counter affidavits from the hospital board, Dr.

*Of the Tenth Circuit sitting by designation.

1. The Doctor stresses Simkins v. The Moses H. Cone Memorial Hospital, 4 Cir., 1963, 323 F.2d 959, cert. denied, 376 U.S. 938, 84 S.Ct. 793, 11 L.Ed.2d 659; Sams v. Ohio Valley General Hospital Association, 4 Cir., 1969, 413 F.2d 826; Cypress v. Newport News General & Non Sectarian Hospital Association, 4 Cir., 1966, 375 F.2d 648; and our decision in Foster v. Mobile County Hospital Board, 5 Cir., 1968, 398 F.2d 227.

Madry moved for summary judgment including a mandatory injunction for reinstatement.[2] The Trial Court denied[3] the motion and Dr. Madry appeals. We dismiss the appeal for want of jurisdiction, there being no appealable order.

Under no conceivable construction was the Court's order a final judgment, 28 U.S.C.A. § 1291, since it expressly contemplated further action on the merits.[4] The only possible way to sustain jurisdiction is to treat the order as the equivalent of a denial of a preliminary injunction which is appealable, 28 U.S.C.A. § 1292(a) (1).[5]

But this will not do. First, as a denial of summary judgment the order is interlocutory and unappealable. United States v. Florian, 1941, 312 U.S. 656, 61 S.Ct. 713, 85 L.Ed. 1105, reh. denied, 312 U.S. 715, 61 S.Ct. 738, 85 L.Ed. 1145; Waller v. Professional Ins. Corp., 5 Cir., 1963, 316 F.2d 729. Second, and more vital, where refusal to grant a preliminary injunction is cast in the form of a denial of a summary judgment it is not appealable. Switzerland Cheese Assoc. v. Horne's Market, 1966, 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23; Chappell & Co. v. Frankel, 2 Cir., 1966, 367 F.2d 197. The wisdom of the rule is borne out by this record which shows substantial conflict on at least one critical issue. This is of great importance in constitutional cases in which the issues should be solidly based, since Courts "* * * ought not to be pulled into academic exercises on a case that factually may never be * * * [but] ordinarily should grapple with these problems on a factual record. Public Affairs Associates, Inc. v. Rickover, 1962, 369 U.S. 111, 82 S.Ct. 580, 7 L.Ed. 2d 604." Pred v. Board of Public Instruction of Dade County, Florida, 5 Cir., 1969, 415 F.2d 851, 852.

Thus the case—a year later and with no advancement in learning or determining the state of the law or its most recent mutations,[6] Mike Hooks, Inc. v. Pena, 5 Cir., 1963, 313 F.2d 696, 1963 A. M.C. 355—goes back for the hearing on the merits which the District Court recognized would some day be required. See Wooten v. Ohler, 5 Cir., 1962, 303 F.2d 759.

Appeal dismissed.

2. The brief motion concluded:
"That the Court order the Plaintiff reinstated to Defendant hospital medical staff with such privileges as he had immediately prior to his suspension therefrom and that Defendant hospital, * * * be enjoined from interfering with the Plaintiff's use of Defendant hospital facilities in the practice of his medical profession * * *. There being no genuine issue as to any material fact and the Plaintiff is entitled to Judgment as a matter of law."

3. The Court also denied Defendants' motions to dismiss and some other procedural matters.

4. The brief order concluded:
"ORDERED and ADJUDGED that all motions are denied and defendants are given twenty (20) days within which to answer the amended complaint."

Making it even less "final" if that is possible, the Amended Complaint consists of three separate counts. The second and third counts involve additional parties and issues and neither one is before us in this appeal. This brings into play F.R.Civ.P. 54(b) concerning multiple parties—multiple claims and the absence here of the required 54(b) certification.

5. Counsel, fleeing before "preliminary injunction", disclaim any attempt to secure interim relief and insist that what was sought was a permanent injunction. But that is of no help here since the order of denial was not final (see note 4, supra).

6. See Mizell v. North Broward Hospital District, 5 Cir., 1970, 427 F.2d 468, following remand, Mizell v. North Broward Hospital District, 5 Cir., 1968, 392 F.2d 580.