ROLLINS ENVIRONMENTAL SERVICES, INC. *vs.*
SUPERIOR COURT.

Suffolk.   May 6, 1975. — June 19, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, KAPLAN, & WILKINS, JJ.

*Practice, Civil,* Review of interlocutory action, Appeal, Summary
judgment.   *Rules of Civil Procedure.   Supreme Judicial Court,*
Supervision of inferior courts.

An order denying a motion for summary judgment under Rules 12 (c)
and 56, Massachusetts Rules of Civil Procedure (1974), was inter-
locutory and on appeal therefrom was not subject to appellate
review before final disposition of the case in the trial court.   [177-
179]
Rules of procedure adopted by this court based on existing Federal
rules are to be given the construction given to the Federal rules
absent compelling reasons to the contrary or significant differences
in content.   [179-180]
Absent exceptional circumstances, a single justice of this court proper-
ly denied relief under G. L. c. 211, § 3, from alleged "error and
abuse consisting of . . . wrongful denial" of a motion for summary
judgment in an action by a judge of the Superior Court.   [180-
181]
Where a single justice of this court denied relief under G. L. c. 231,
§ 118, from an interlocutory order of the Superior Court, an ap-
peal from the order of the single justice could not properly be
brought before the full court at that stage of the proceedings and
must be dismissed.   [181]

CIVIL ACTION commenced in the Supreme Judicial
Court for the county of Suffolk on December 16, 1974.

The case was heard by *Braucher, J.*

The case was submitted on briefs.

*Edward C. Donlon* for the plaintiff.

*Francis X. Bellotti,* Attorney General, *Danielle E.
deBenedictis & Michael Eby,* Assistant Attorneys General,
for the defendant.

QUIRICO, J.   This purports to be an appeal by the plaintiff Rollins Environmental Services, Inc. (Rollins), from an order of a single justice of this court denying its petition[1] "to correct and prevent an [alleged] error and abuse consisting of the wrongful denial" by a judge of the Superior Court of the plaintiff's motion for summary judgment in an action pending in that court.   The petition denied asked for relief under this court's supervisory powers under G. L. c. 211, § 3, or, in lieu thereof, for relief under G. L. c. 231, § 118, as appearing in St. 1973, c. 1114, § 202.

Whether the petition be treated as seeking relief under G. L. c. 211, § 3, or under G. L. c. 231, § 118, it was properly denied; and if it is treated as seeking relief under the latter statute, the order of denial was interlocutory and the appeal therefrom is not properly before us at this time.

The petition which was denied by the single justice stemmed from the following proceedings.   Rollins brought an action in the Superior Court against Montvale Laboratories, Inc. (Montvale), and certain of Montvale's officers, asserting in "*Claim One*" of its complaint that Montvale owed it $12,784.54 according to an account annexed to the complaint, and in "*Claim Two*" of the complaint that Montvale's officers and directors owed it the same $12,784.54.   Montvale filed an answer admitting the allegations of "*Claim One*," denying liability by it[2] on "*Claim Two*," and asserting four counterclaims, all allegedly accruing after the date of the two Rollins claims.   In its first counterclaim Montvale alleged that Rollins, "in violation of its obligation not to compete with the defendant [Montvale], solicited and obtained

---

[1] We use the word "petition" because the plaintiff so labeled its pleading, but the pleading is more appropriately termed a "complaint."   Mass. R. Civ. P. 3, 365 Mass. 733 (1974).

[2] This answer is that of Montvale only, and it does not appear in the record before us whether Montvale's officers and directors filed an answer.

orders from one or more of the defendant Montvale's customers to its damage." This counterclaim, fairly read, appears to allege a breach of a covenant in the same contract as that on which the two claims by Rollins are based. Montvale's second counterclaim seeks recovery of $1,500,000 for Rollins's alleged violation of the Sherman Antitrust Act, its third seeks recovery in the same amount for Rollins's alleged conduct in restraint of trade, and its fourth seeks recovery in the same amount for Rollins's alleged use of its monopolistic domination of the New England market in Montvale's line of business for purposes of price discrimination against Montvale.

Rollins filed a motion in the Superior Court "under Rules 12(c) and 56 that Judgment be entered against Defendant Montvale . . . on Claim One of the Complaint in the amount of $12,784.54, with interest and costs, said Defendant in its Answer thereto having admitted the allegations contained in said Claim One." After a hearing on the motion, a judge of the Superior Court entered the following order thereon on November 19, 1974: "Motion for judgment on the pleadings and/or summary judgment against Deft/Montvale Laboratories, Inc. Denied." [3]

---

[3] With its motion Rollins also filed a proposed order to be used for the entry of judgment in its favor. The proposed order recited Montvale's admission of the allegations in Claim One of Rollins's complaint, that "there is no just reason for delay in the entry of judgment on said Claim One and that such judgment should enter forthwith," and that the Montvale counterclaims are "of a permissive nature, separate and distinct from the subject matter of Claim One." The language of the proposed order was apparently carefully chosen to comply with the specific language of Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974), that "[w]hen more than one claim for relief is presented in an action, . . . or when multiple parties are involved, *the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the

After the denial of its motion for summary judgment on Claim One, Rollins, on December 16, 1974, filed its petition with the single justice as described in the first paragraph of this opinion. The matter was heard on January 8, 1975, on the return of the order of notice issued thereon, and on January 9, 1975, the petition was denied by an order of the single justice. Rollins claimed an appeal from that order to the full court. For the several reasons discussed below, we hold that the appeal is not properly before us, and that therefore it must be dismissed.

1. Before implementation of the new Massachusetts rules regulating civil and appellate procedure, it was the settled law, established by a long line of decisions of this court, that an order denying a motion for summary judgment under G. L. c. 231, § 59, was an interlocutory order, that it was not an "order decisive of the case"

---

action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties" (emphasis supplied).

Had the judge allowed Rollins's motion for judgment on Claim One, then the fact that the order allowing the motion included or excluded the express determination and direction which the rule makes a prerequisite to "the entry of a final judgment as to one or more but fewer than all of the claims" would be significant in determining the effect and appealability of the order. See Moore's Federal Practice, par. 56.20 (2d ed. 1974). However, since the motion was denied, we need not pursue this point.

Neither need we pursue or discuss the question whether the judge might have allowed Rollins's motion without making such an express determination and direction, thus not constituting a final judgment on Rollins's Claim One, or affecting, concluding or adjudicating any rights of Montvale on its four counterclaims. *Government of Virgin Islands* v. *2.6912 Acres of Land,* 396 F. 2d 3, 5-6 (3d Cir. 1968). See *Sears Roebuck & Co.* v. *Mackey,* 351 U. S. 427, 434-438 (1956). *Cold Metal Process Co.* v. *United Engr. & Foundry Co.* 351 U. S. 445, 450-453 (1956). For a discussion of the factors which a judge ordering a summary judgment may or should consider in determining whether to include the express determination and direction discussed above, see Moore's Federal Practice, par. 54.41 (2d ed. 1974), and Wright & Miller Federal Practice and Procedure, §§ 2659-2661 (1973).

within the meaning of G. L. c. 231, § 96, and that no appeal from such an order could be entered for review by an appellate court until the case was in all other respects ripe for final disposition in the trial court. *Lawrence* v. *Old Silver Beach, Inc.* 303 Mass. 377, 378 (1939). *Old Mill Point Club, Inc.* v. *Paine,* 308 Mass. 505, 506 (1941). *Crandall Dry Dock Engrs. Inc.* v. *Gloucester Marine Rys.* 334 Mass. 704 (1956). *Rudnicki* v. *Hearst Corp.* 355 Mass. 800 (1969). In *Bean* v. *399 Boylston Street, Inc.* 335 Mass. 595, 596 (1957), dealing with an attempted appeal from the denial of a motion to dismiss an action at law, we said: "The case is prematurely here. By G. L. . . . c. 231, § 96, 'no appeal or exception shall be entered in the supreme judicial court until the case is in all other respects ripe for final disposition by the superior court.' . . . It is a principle of general application that 'this court cannot be required to deal with cases in interlocutory stages, except where the trial judge has exercised his discretion to that end by reporting the action taken by him under G. L. . . . c. 231, § 111, or in equity under G. L. . . . c. 214, § 30. . . . In the absence of a report by the trial judge the proper course is to proceed in accordance with his orders until the case is ready for final disposition.' . . . [T]he denial [of the motion to dismiss] is not immediately reviewable." See *Redfield* v. *Abbott Shoe Co.* 335 Mass. 208, 209 (1957); *Orasz* v. *Colonial Tavern, Inc.* 365 Mass. 131, 138-139 (1974); *Giacobbe* v. *First Coolidge Corp.* 367 Mass. 309, 312-313 (1975); *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.* 367 Mass. 464, 466-468 (1975).

Neither the Massachusetts Rules of Civil Procedure nor the Massachusetts Rules of Appellate Procedure changed the previous settled law that unless a judge making an interlocutory order reports it to an appellate court for review, the order is not subject to appellate review until the case is in all other respects ripe for final disposition in the trial court. *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc. supra,* at 468-471. In *Albano* v.

*Jordan Marsh Co.* 367 Mass. 651, 654 (1975), we said: "Whether governed by the former law or by the more recent Massachusetts Rules of Civil Procedure and Massachusetts Rules of Appellate Procedure a litigant is not entitled to piecemeal appellate review of unreported interlocutory orders or rulings of a trial judge by the full court of this court or of the Appeals Court."

2. It is equally the settled Federal law that an order denying a motion for summary judgment under the Federal Rules of Civil Procedure is interlocutory and generally nonappealable. Moore's Federal Practice, par. 56.21 (2) (2d ed. 1974). *Switzerland Cheese Assn. Inc.* v. *E. Horne's Mkt. Inc.* 385 U. S. 23, 24-25 (1966). *Valdosta Livestock Co.* v. *Williams,* 316 F. 2d 188 (4th Cir. 1963). *Heron* v. *City & County of Denver, Colo.* 317 F. 2d 309, 311 (10th Cir. 1963). *Chappell & Co.* v. *Frankel,* 367 F. 2d 197, 199 (2d Cir. 1966). *Duke* v. *Gardner,* 387 F. 2d 336, 337 (5th Cir. 1967). *Alart Associates, Inc.* v. *Aptaker,* 402 F. 2d 779, 780-781 (2d Cir. 1968). *Madry* v. *Sorel,* 440 F. 2d 1329, 1330 (5th Cir. 1971). *Clark* v. *Kraftco Corp.* 447 F. 2d 933, 934 (2d Cir. 1971). *Gialde* v. *Time, Inc.* 480 F. 2d 1295, 1299 (8th Cir. 1973).

"It is a well-recognized rule, that the adjudged construction of a statute, by a foreign state or country where it was enacted, is to be given to it when it is afterwards passed by the Legislature of another state or country." *Pratt* v. *American Bell Tel. Co.* 141 Mass. 225, 227 (1886). *Thibault* v. *Lalumiere,* 318 Mass. 72, 75 (1945). On several occasions this court has applied this rule in construing language first appearing in United States statutes and later enacted by our Legislature. *Poirier* v. *Superior Court,* 337 Mass. 522, 527 (1958). *Jones* v. *Demoulas Super Mkts. Inc.* 364 Mass. 726, 736-737 (1974).

This court having adopted comprehensive rules of civil procedure in substantially the same form as the earlier Federal Rules of Civil Procedure, the adjudged construc-

tion theretofore given to the Federal rules is to be given to our rules, absent compelling reasons to the contrary or significant differences in content. See *Giacobbe* v. *First Coolidge Corp.* 367 Mass. 309, 315-317 (1975). We conclude, accordingly, that the order of the judge denying Rollins's motion for summary judgment on Claim One was an interlocutory order which, not having been reported by the judge, is not presently reviewable by this court.

3. Rollins, apparently recognizing that, as we have concluded, it is not entitled as matter of right to appellate review of the order denying its motion for summary judgment, resorted to the two pronged petition heard by the single justice. One prayer of the petition is that the court invoke its powers under G. L. c. 211, § 3, as amended by St. 1973, c. 1114, § 44, to superintend "all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided." This extraordinary power has been sparingly exercised, and it "should be exercised only in exceptional circumstances, when necessary to protect substantive rights." *Healy* v. *First Dist. Court of Bristol,* 367 Mass. 909 (1975). This case does not present such circumstances. Here no substantive rights of Rollins are at stake. Although the judge denied its motion for summary judgment, its claim is still pending and it will have an opportunity to prove its allegations at the trial of the action. The situation here is almost identical to that in *Chappell & Co.* v. *Frankel,* 367 F. 2d 197, 199-200 (2d Cir. 1966), where the plaintiff, whose motion for summary judgment was denied, sought relief under the All Writs Statute, 28 U. S. C. § 1651 (a) (1970). The court said: "At the outset it is completely clear that an order refusing to grant a motion for summary judgment is not a 'final decision' within Section 1291 of the Judicial Code, 28 U. S. C. § 1291, and we thus have no appellate jurisdiction to review the lower court's order under that section. . . . It is almost equally clear that we

ought not review a lower court's denial of a summary judgment motion by means of a prerogative writ, which we can on occasion issue pursuant to the All Writs Statute, 28 U. S. C. § 1651 (a). . . . Traditionally, the prerogative writs have been reserved for extraordinary circumstances. . . . And a garden variety denial of a summary judgment motion . . . can hardly satisfy this 'extraordinary circumstances' test."

The petition, as posited on G. L. c. 211, § 3, was properly denied.

4. The other prayer of the petition was that the court exercise its discretion under G. L. c. 231, § 118, as appearing in St. 1973, c. 1114, § 202. The discretionary powers of a single justice under this statute with reference to a petition for relief from an interlocutory order of the Superior Court were discussed at length in our recent decision in *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.* 367 Mass. 464, 468-471 (1975). We held there that if the single justice exercised his discretion to deny the petition rather than to modify, annul or suspend the execution of the interlocutory order, and did not elect to report his action to the full court, the aggrieved litigant was not entitled, as matter of right, to appellate review of the order of the single justice at that stage of the proceedings. We held that the appeal was not properly before us and ordered it dismissed. That decision is controlling on the similar facts of the present case.

5. The plaintiff's appeal is dismissed, and the defendant is to have costs of appeal.

*So ordered.*