Fremont-Smith, J.
This motion was brought by a person not a party to the action, who was served with a subpoena duces tecum to deliver designated documents at the law office of plaintiffs counsel at a particular time, but who was not also served with any notice of deposition to testify concerning said documents. The question raised is whether Mass.R.Civ.P. 45(b), which provides “a subpoena may also command the person to whom it is directed to produce the books, papers, documents or tangible things designated therein,” permits a party to compel production of documents by a non-party, absent a notice of deposition to that non-party, and absent any notice to other parties of the subpeona.
The language of Mass.R.Civ.P. 45(b) is identical to that of former Federal Rules of Civil Procedure, Rule 45(b), prior to the 1991 amendment. Federal cases interpreting that Rule pointed out that subdivision (a) set forth that the contents of a subpoena ad testifican-dum whereas subdivision (b) then provided that a subpoena “may also command” the production of documents and things, so that the production of documents by a non-party could only be required in conjunction with a subpoena to testify. The official notes to Federal rule 45(b) point out that the revised text pursuant to the 1991 amendments to Federal Rule 45, resolved this ambiguity by specifically providing that a subpoena might be issued to compel a non-party to produce designated documents, independent of any deposition. See Wright and Miller, Federal Practice and Procedure, Vol. 9A, §2457. As Massachusetts Rule 45(b) has not been so amended to conform with the revised federal rule, and as the Massachusetts Rules are to be interpreted consistently with identical language of the federal rules, Rollins Environmental Services, Inc. v. Superior Court, 368 Mass. 174, 179 (1975), the Court concludes that the subpoena at issue here was improper.
ORDER
Accordingly, the motion to Quash the Subpoena Duces Tecum is allowed.