McHugh, J.
Absolutely no prejudice flowed from the belated assertion of the counterclaim. Moreover, the counterclaim was asserted within the time permitted for amending a pleading as of right under Mass.R.Civ.P. 15(a). True, the weight of federal authority suggests that Rule 13(f), and not Rule 15(a), governs late assertion of omitted counterclaims. But the two Rules may be fully harmonized if Rule 15(a) is interpreted to govern late assertion of counterclaims within 20 days of filing an answer and Rule 13(f) is interpreted to govern thereafter. The overall goal of the Rules is the “just, speedy and inexpensive determination of every action.” Mass.R.Civ.P. 1. That goal is advanced by the construction just described and retarded by the construction plaintiff advances, for the latter would require an added procedural request that, in the overwhelming majority of cases, including this one, it would likely be an abuse of discretion to refuse. There is, in sum, a compelling reason here to depart from the federal construction of the same Rules. Compare Rollins Environmental Services, Inc. v. Superior Court, 368 Mass. 174, 180 (1975).
Similar reasoning applies to the belated assertion of ajury demand. No one is prejudiced by ajury trial. More important, Mass.R.Civ.P. 39(b) allows the court, on motion, to frame jury issues in all cases triable to ajury where an effective demand has not been made. Although defendant’s jury “demand” may have been *305 ineffective as a self-executing request for a juiy trial, it surely was the functional equivalent of a motion to frame jury issues. Like the motion described in the preceding paragraph, it would border on an abuse of discretion to deny such a motion at this early stage of the case. There is no sound reason to require a separate motion designed to accomplish what easily and expeditiously can be accomplished on the present record. »
All of the foregoing is without prejudice to any motion plaintiff may bring to address the sufficiency, in law or in fact or both, of the merits of defendant’s counterclaim.
ORDER
In light of the foregoing, it is hereby ORDERED that
1. Plaintiffs Motion to Strike Defendant’s Counterclaim (Paper No. 6) should be, and it hereby is, DENIED.
2. Plaintiffs Motion to Strike Defendant’s Jury Demand (also Paper No. 6) should be and it hereby is DENIED because I deem the jury demand to be a Motion under Rule 39(b) and ALLOW that Motion.