Doerfer, J.
The plaintiff, John Makrokanis (“Makrokanis”), Administrator of the Estate of Anna Makrokanis, brings this action against the defendants, Locust Cab, Inc. (“Locust”); Boston Cab Dispatch, Inc. (“Dispatch”); and George Bowab (“Bowab”) for the wrongful death of his mother Anna Makrokanis as a result of, and in connection with, Bowab’s alleged negligent operation of his taxi. During the February 4, 2000 deposition of Armen Mahserejian (“Mahserejian”), representing Locust, counsel for Locust instructed his client not to answer questions pertaining to the operation of EJT Management. Locust’s attorney argued that such information was irrelevant, a matter of public record and harassment of his client. Locust deposition., pp 24-25. Locust’s attorney then suspended the deposition. Makrokanis now moves to compel this testimony on the grounds that the information sought is reasonably calculated to lead to the discovery of admissible evidence, and is not privileged. For the reasons that follow, the plaintiffs motion to compel is allowed.[1],[2]
DISCUSSION SCOPE OF DISCOVERY
Rule 26(b)(1) of the Massachusetts Rules of Civil Procedure states in relevant part:
Parties may obtain discoveiy regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
Mass.R.Civ.P. 26(b)(1).
Our court has stated, “absent compelling reasons to the contrary,” the definition of relevancy set forth in Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 388 (1947), controls. Cronin v. Strayer, 392 Mass. at 534 (quoting Rollins Envtl. Servs. v. Superior Court, *548 368 Mass. 174, 330 N.E. 2d 814, (1975)). That definition of relevance under Fed.R.Civ.P. 26(b)(1), the parallel rule to Mass.R.Civ.P. 26(b)(1), broadly encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. See Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 388 (1947). Discovery is not limited to issues raised by the pleadings, since discovery itself is designed to help define and clarify the issues. Id. at 500-01, 67 S.Ct. at 388; Accord Cronin v. Strayer, 392 Mass. 525, 467 N.E.2d 143 (1984); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 98 S.Ct. 2380 (1978).
Locust contends that the information sought by Makrokanis about EJT Management is irrelevant because EJT Management is not named as a party. It argues that Makrokanis is doing nothing more than “fishing for another party or parties.” There appears, however, to be a substantial relationship between Locust and EJT Management. Edward J. Tutunjian (“EJT") is the owner of Locust, Dispatch, and EJT Management. Indeed, EJT Management allegedly leases taxi licenses and owns the garage where Locust’s taxis are maintained.
In Dujon v. Williams, 1996 WL 402344 (Mass. Super.) [5 Mass. L. Rptr. 456], the court found it necessary to look beyond the corporate form to determine liability under theories of negligent entrustment of a taxicab.[3] Relying on Evans v. Multicon Construction Corp., 30 Mass.App.Ct. 728, 732-33 (1991), quoting My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614, 619, the court pierced the corporate veil because “there [was] active and pervasive control of related business entities by the same controlling persons and there [was] a fraudulent or injurious consequence by reason of the relationship among those business entities.” In light of Dujon v. Williams, it is not beyond reason to believe that the connection between the commonly owned companies of EJT Management and Locust might lead to discoverable material concerning the control and ownership of the taxi driven by Bowab.
The court concludes that the questions posed by Makrokanis are reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the objection as to relevance and defendants’ motions for protective order are denied.
INSTRUCTING DEPONENT NOT TO ANSWER
Rule 30(c) of the Massachusetts Rules of Civil Procedure states, in relevant part:
All objections made at the time of the examination . . . shall be noted by the officer upon the deposition; but the examination shall proceed . . . Testimony to which objection is made shall be taken subject to the objections. Counsel for a witness or party may not instruct a deponent not to answer except where necessary to assert or preserve a privilege or protection against disclosure, to enforce a limitation on evidence directed by the court or stipulated in writing by the parties, or to terminate the deposition and present a motion to the court pursuant to Rules 30(d) or 37(d).
Mass.R.Civ.P. 30(c).
Locust’s attorney instructed his client not to answer questions regarding EJT Management because he contends the questions are irrelevant. Nothing in the record indicates that Locust is asserting a privilege or any other exception to the clearly stated prohibition in Rule 30(d) against instructing a deponent not to answer questions. The court concludes that Locust’s attorney improperly instructed his client not to answer questions.
Counsel who takes the position that a court would protect the witness from answering a question or series of questions for which an instruction not to answer is unavailable under Rule 30(c) has the option of terminating the deposition for the purposes of seeking a court order. This is a disruptive maneuver and should be taken only with great caution and upon firm grounds. Counsel can protect the client’s rights by pointing out that such a motion is under consideration and express a willingness to go on with the deposition on topics for which such a motion would not be sought. Opposing counsel would be well advised to agree to conduct questioning in areas in which there is no threat of termination of the deposition. When that is done counsel objecting to certain questions will then make a decision whether to terminate the deposition and seek a protective order. Counsel who demonstrate a willingness to avoid disruption and to stay grounded in common sense will improve the force of their arguments before the court. See generally Reporters Notes1998 to Mass.R.Civ.P. 30.
ORDER
For the foregoing reasons, the Plaintiff Makrokanis’ motions to compel are ALLOWED and the Defendants’ motion for protective orders are DENIED. Costs shall be awarded to the Plaintiff who shall serve on defendants within 10 days a bill of costs incurred as a result of defendants’ improper instructions not to answer for the court’s consideration. Defendants shall serve any opposition to said costs on Plaintiffs in the manner provided for under Rule 9A and Plaintiff shall submit said bill of costs and opposition, if any, in the manner provided by Rule 9A with a copy directed to the attention of the undersigned justice.

The court's previous ruling on this matter is vacated and the pending motion for reconsideration allowed.

Motions were filed as to both Locust Cab and Boston Cab Dispatch, Inc. This decision applies to both motions

Dujon v. Williams also involved violations of G.L.c. 93A and fraudulent conveyance. Nevertheless, nothing in the decision indicated that piercing the corporate veil was appropriate only because of these theories of liability as opposed to negligent entrustment of the taxicab.